Whaley, Judge,
delivered the opinion of the court:
The petition alleges in substance that plaintiff, a native of Italy, brought with him into the port of New York, on January 19, 1923, three cases of merchandise consisting of blankets and spreads of the equivalent value in American money of $1,242.00; that previous to plaintiff’s departure from Italy he had been negotiating for the sale of said mer *392 chandise and bad practically completed the sale of the same to a merchant in New York City, New York, for an agreed total price of $5,510.00; that plaintiff had embarked with said goods for the purpose of delivering the same to the vendee in New York City; that, upon arrival at the port of New York, admission was denied him by the immigration and customs authorities for the reason that his credentials failed to qualify him as a merchant although he had in his possession an invoice for the goods, policy of insurance on the same, immigration papers and passport, and certain letters from the vendee; that plaintiff had previously entered the United States and had been admitted without difficulty upon presentation of credentials of a similar nature; that plaintiff was deported without hearing; that before deportation he requested reshipment of the three cases of merchandise but was advised by immigration and customs authorities that the same would be retained until his return to the United States at a later date when they would be delivered to him; that plaintiff was unable to secure reentry into the United States in order to complete delivery of the goods sold and to receive the consideration therefor; that within six months after his return to Italy plaintiff instructed his brother, a citizen of the United States, to make demand for the three cases of merchandise and his brother did make the demand and offered to pay the custom duties thereon, but such offer was refused and the goods retained; that plaintiff is advised that said merchandise was sold as unclaimed goods by the collector of customs at New York in May 1925, and the proceeds from the same, amounting to $250.92, were paid into the Treasury of the United States, and that the plaintiff remained in Italy from the time of his deportation in 1923 up to the time of his reentry into the United States on October 24,1933.
The defendant demurs to the petition alleging that this court has no jurisdiction:
1st. That, even admitting that the immigration and customs officers acted unlawfully or exceeded their authority in refusing to admit the plaintiff or to deliver the merchandise to the plaintiff’s brother or to permit the reshipment of the *393 goods to Italy, such actions were tortious, and no contract can be implied from the facts alleged.
2nd. That, if the actions of the officers were not tortious, nevertheless the cause of action accrued in 1925 when the merchandise was sold by the collector and more than six years had elapsed before such suit was instituted, which was on May 18, 1934, and therefore this court has no jurisdiction.
We do not think it is necessary to enter into a discussion in reference to the actions of the customs authorities in excluding the plaintiff. For, as we view this case, whether their actions were unlawful or not, still the plaintiff cannot recover. The petition shows on its face that, if the plaintiff has a cause of action, it accrued in 1925, and that the petition in this court was not filed until more than six years from the accrual of the cause of action. Section 156 of the code fixes the limitation for suits in this court to six years, and this applies to both residents of this country and residents of foreign countries, who are given permission to sue the United States.
During all the period that the plaintiff was not allowed to reenter this country, suit could have been commenced by him in this court, and his absence from this country was no disqualification for the bringing of a suit and the prosecution thereof. It may have been an inconvenience, but plaintiff’s testimony could have been taken abroad and his rights would have been fully protected. There is no tolling of the statute merely because an alien was not in this country or permitted to be in this country. This court has held that the words “ presence beyond the seas ” in the act of 1863 applies only to American citizens who are out of this country and does not apply to aliens who are not in this country. De Luca v. United States, 69 C. Cls. 262, 269.
As the petition shows on its face that it was filed more than six years after the accrual of the alleged cause of action, the suit is barred by the statute of limitations and therefore the court has no jurisdiction of the claim.
The demurrer is sustained and the petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, GMef Justice, concur.