**MOOREHEAD et al. v. UNITED STATES.**

**NELSON v. UNITED STATES.**

**PARMENTER v. UNITED STATES.**

**SAMPLES et al. v. UNITED STATES.**

Nos. 48638, 48566, 48567, 48637.

United States Court of Claims.

Dec. 6, 1948.

224

Ray R. Murdock, of Washington, D. C. (Seegmiller & Murdock, of Washington, D. C., on the brief), for plaintiffs.

Donald B. MacGuineas, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and MADDEN, HOWELL, WHITAKER and LITTLETON, Judges.

MADDEN, Judge.

■ Two of the four suits here involved, Nos. 48638 and 48637 are joint actions, brought pursuant to Rule 9(a) of this court, which permits joint actions to be brought on behalf of claimants whose claims arise "out of the same transactions, occurrences, or series of transactions or occurrences * * * if any question of law or fact common to all of them will arise in the action." All of the claimants in all four suits were employees of The Alaska Railroad, an agency of the United States. They all claim to have worked more than 40 hours per week at some time since March 28, 1934, and to be entitled, under the act of that date, 5 U.S.C.A. § 673c, to overtime compensation at the rate of time and one-half. We have considered the Act of March 28, 1934, 48 Stat. 509, 522, in relation to its applicability to floating equipment employees of the Canal Zone. Townsley v. United States, 101 Ct. Cl. 237, affirmed, United States v. Townsley, 323 U.S. 557, 65 S.Ct. 413, 89 L.Ed. 454; Hearne v. United States, 107 Ct.Cl. 335, 68 F.Supp. 786; and Gray v. United States, 110 Ct.Cl. 102, 76 F.Supp. 102. The question will arise in the instant cases whether the Act of March 28, 1934, supra, is applicable to employees of The Alaska Railroad. The Comptroller General has ruled that the act is not applicable. If this court should agree with that ruling, all these suits would fail, and there would be no necessity for taking evidence as to the facts as to time worked, rates of pay, etc., for each of these numerous plaintiffs. The two joint actions seem, therefore, to be proper cases for the use of our Rule 9(a) to save trouble and expense to litigants whose cases present a common question.

■■ The Government's motion to dismiss goes only to such portions of the claim of each plaintiff as concerns overtime accrued prior to six years before the filing of his suit. The suits in Nos. 48566 and 48567 were filed on February 26, 1948, and in Nos. 48637 and 48638 on April 22, 1948. The Government says, and we agree, that it is a jurisdictional requisite in suits of this nature in this court that the claim shall not have accrued more than six years before the filing of the suit, unless the claimant was subject to one of the disabilities named in the statute of limitations. See section 156 of the Judicial Code, 28 U.S.C. § 262, amended after the filing of these suits by the Act of June 25, 1948, c. 646, in which Section 2501 of 28 U.S.C.A. is the pertinent section. It is accordingly necessary for the plaintiff's petition to show on its face that the claim is not barred by the statute of limitations, Finn v. United States, 123 U.S. 227, 232, 233, 8 S.Ct. 82, 31 L.Ed. 128; De Arnaud v. United States, 151 U.S. 483, 495, 496, 14 S.Ct. 374, 38 L.Ed. 244. In the instant cases, the work records recited in the petitions as the bases of the claims show that some of the work for which overtime is claimed was done more than six years before the filing of the petitions. The petitions do not allege any disability on the part of the plaintiffs, which would have tolled the statute of limitations, hence it would seem that so much of any plaintiff's claim as accrued more than six years before the filing of the petition would be subject to the Government's motion to dismiss.

The plaintiff urges that if it is necessary for the plaintiffs in joint actions brought under our Rule 9(a) to plead disabilities in their petitions, if they must ultimately prove them in order to recover on those parts of their claims which accrued beyond the statutory period, the convenience and economy of the 9(a) procedure would be destroyed. They urge that all who have claims should be allowed to join and get a decision on whatever questions are common to all their claims, the principal one here being, we suppose, whether the Act of March 28, 1934, is applicable to employees

of The Alaska Railroad. If that question is decided against them, they all fail together. If it is decided in their favor, then the particular facts as to each plaintiff, the time he worked, his rate of pay, and the presence or absence of disability at the pertinent period can be shown.

There would, of course, be convenience and economy for the plaintiffs in letting the cases stand in this posture. The Government urges that it would be put to great expense in searching out and preparing the work records of practically all these hundreds of plaintiffs for all the time since March 28, 1934, when the claims of all of them except the possible rare one who was an infant or married woman or an idiot, lunatic or insane person or a person beyond the seas at the time his claim accrued, are barred for all of the time prior to 1942. The chance that a person would have been working for a railroad while under any of these named disabilities except the first two would be practically non-existent and the names of the plaintiffs indicate that very few of them are women. It would therefore be a great waste of effort to prepare this information. The plaintiffs say that the Government can wait until the common question is decided, and, apparently, until the facts with regard to each separate plaintiff are presented, and can then search out the pertinent records.

It seems to us that it does not substantially impair the utility for plaintiffs of Rule 9(a) to require that, as to each plaintiff the petition should show either the accrual of his claim within six years or a disability which has tolled the statute. We are impelled to this conclusion both by the jurisdictional quality of the statute in relation to our cases, and by considerations of the economy and convenience of the parties and the court. We therefore grant the Government's motion to dismiss so much of the pending petitions as relates to claims which accrued more than six years before the filing of the respective petitions.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.