In cases Nos. 48638,48566,-48567, and 48637 an opinion was rendered on December 6,-1948 (112 C. Cls. 298), granting the Government’s motion to dismiss so much of the pending petitions as relates to claims which accrued more than 6 years before the filing of the respective petitions. Suits in Nos. 48566 and 48567 were filed on February 26,1948, and in Nos. 48637 and 48638 on April 22,1948.
In cases Nos. 48891 and 49036, an order was entered April 4,1949, without opinion, dismissing so much of the petitions as relate to the claims which accrued more than 6 years prior to the filing of such petitions, following the decision in the cases of Moorehead, et al., No. 48638, et seq.
On February 17, 1950, the following order' was issued in Nos. 48638, 48566, 48567, 48637, 49036, and 48891:
ORDER '
These cases come before the court on motion of plaintiffs for leave to file a motion to vacate the order of dismissal and reinstate such parts of- the petitions as were dismissed because barred by the statute of limitations; and on consideration thereof it appears that:
On December 6, 1948, and on April 4, 1949, orders were entered dismissing such parts .of the petitions as relate to the claims of the several plaintiffs which accrued more than six years prior to the filing of the petitions because such parts were barred by the statute of limitations (Judicial Code, Séction 156, 28 U. S. Code (1940) 262). • •
Public Law 440, 81st Congress (63 Stat. 1062), approved November 1, 1949, removed the bar of the said statute-of limitations with respect to these claims, and all other claims of employees of the Alaska Railroad for overtime compensation under Section 23 of the Act of March 28, 1934, which had been filed in this court- on, or which shall be so filed within one year of, the effective date of said Act.
*889 Under said Public Law plaintiffs are now entitled to file, and this court has jurisdiction to determine the validity of their claims which accrued more than six years prior to the filing of the petitions.
The petitions now on file set forth said claims which accrued more than six years prior to the filing of said petitions, and printing and filing of new petitions and answers setting forth claims and defenses thereto would involve unnecessary trouble and expense for the parties and the court.
Therefore, on consideration of the foregoing, and the court having heard counsel for plaintiffs and defendant, and by consent of all parties,
It is ORDERED this 17th day of February 1950 that:
(1) Permission is hereby given to plaintiffs to refile the petitions in each of the suits now pending as new suits, but since all of the filing fees have been heretofore paid in the old suits, and in order to save the mechanical work and expense in each suit, the old docket numbers, entries and all papers heretofore filed may be utilized and further filing fees in reference thereto shall not be required. Such suits are hereby _ assigned the same docket numbers as in the respective cases heretofore filed;
(2) Said new petitions are hereby consolidated with the original petitions for all purposes;
(3) The answers of the Government now on file are hereby directed to be refiled and received as answers to the said refiled petitions;
(4) The said motion of plaintiffs to annul the court’s order of dismissal and reinstate such parts of the petitions as were dismissed because barred by the statute of limitations is hereby denied.