**ARRIBAS v. UNITED STATES.**

No. 514–52.

United States Court of Claims.

March 3, 1953.

---

[1]. Mr. Davies was one of the plaintiff's counsel in the earlier case in this court.

Eugenio M. Fonbuena, Washington, D. C., for plaintiff.

Thomas O. Fleming, Washington, D. C., with whom was Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff, a citizen of the Philippine Republic residing in Manila, Philippine Islands, brings this action in this court in which he alleges that on December 20, 1942 "the 72nd Division of the Philippine Army" then stationed in Occidental Negros, Philippine Islands, requisitioned and took possession of certain drugs, medicines, and other products which were then found in plaintiff's pharmaceutical store "for the use of the guerilla (sic) and/or forces of the army of the Philippines in a joint resistance against the Japanese forces." Plaintiff further alleges that on March 3, 1948 he filed a claim in the amount of approximately $12,778.51 with the "Contract Claims Commission" (Army Claims Service) for the products allegedly taken from plaintiff's store, and that on June 15, 1949 the Contract Claims Commission approved his claim in the amount of approximately $324.80, which amount plaintiff refused to accept.

Plaintiff's petition was filed in this court on October 14, 1952, and the defendant has filed a motion to dismiss on the ground that said claim is barred by the statute of limitations, 28 U.S.C. (Supp. V) § 2501, 62 Stat. 976, and that plaintiff's petition fails to comply with Rule 12 (f) of the Rules of this court, 28 U.S.C.

Under the previous decision of this court in the case of Marcos v. United States, 106 F.Supp. 172, 122 Ct.Cl. 641, plaintiff was under legal disability to bring his suit until September 2, 1945, and the running of the statute of limitations was not tolled while the claim was being administratively considered. Tan v. United States, 122 Ct.Cl. 662, 102 F.Supp. 552.

Plaintiff, in his "answer to defendant's motion to dismiss" makes the following assertions: (1) that he was under a legal disability within the meaning of 28 U.S.C. § 2501 for the reason that he was "beyond the seas" prior to and since December 20, 1942 to the present time, and that the running of the statute of limitations has been suspended as to plaintiff's claim; and (2) that the statute of limitations was suspended during the existence of war between the United States and Japan, which was not terminated until April 28, 1952, when the Treaty of Peace with Japan was ratified, 50 U.S.C.A.Appendix note preceding section 1.

This court has previously considered the effect of the statute of limitations, 62 Stat. 976, 28 U.S.C. (Supp. V) § 2501, upon a permanent non-resident of the United States as well as a non-resident alien. De-Luca v. United States, 69 Ct.Cl. 262, certiorari denied 282 U.S. 862, 51 S.Ct. 36, 75 L. Ed. 763. We said, 69 Ct.Cl. at page 270:

"It is plain by this Act that Congress intended simply to enable an alien to sue in this court provided his petition showed jurisdictional facts and did not intend to waive those jurisdictional facts in his favor while leaving them to apply to a citizen of the United States. * * *"

In Pacifico v. United States, 80 Ct.Cl. 391, 393, we said:

"* * * There is no tolling of the statute merely because an alien was not in this country or permitted to be in this country. This court has held that the words 'presence beyond the seas' in the act of 1863 applies only to American citizens who are out of this country and does not apply to aliens who are not in this country."

Recently in Moorhead v. United States, 81 F.Supp. 223, 112 Ct.Cl. 298, this court sustained the Government's plea of the statute of limitations to causes of action which had accrued in Alaska more than six years prior to the filing of the petition in this court.

Plaintiff's second contention that the court should fix some date other than September 2, 1945 as the date upon which the suspension of the statute of limitations was lifted as to claimants in the Philippine Islands following World War II, has been presented and considered in a number of previous cases in this court. In Marcos v. United States, supra, we proceeded upon the theory that the underlying reason for a suspension of the running of the statute of limitations was that the courts of the United States were closed to litigants because of war-time prohibitions of commercial dealings and correspondence with persons in enemy or enemy-occupied territories. Upon the formal surrender of the Japanese on September 2, 1945, the reasons for suspending the running of the statute ceased to exist inasmuch as normal intercourse by the United States with the Philippine Islands was thereby restored and access to this court by Filipinos once again became possible.

Plaintiff's petition was not filed in this court until October 14, 1952, considerably more than six years after the lifting of the suspension of the running of the statute of limitations and, therefore, the defendant's motion to dismiss must be granted and plaintiff's petition dismissed.

It is so ordered.

JONES, C. J., and MADDEN, WHITAKER, and LITTLETON, JJ., concur.