Whitaker, Judge,
delivered the opinion of the court:
Plaintiff, a veteran preference eligible, alleging that he was illegally discharged from his position in the Department of the Navy, sues in this court for the salary of which he has been deprived thereby. Defendant has moved for summary judgment based on the ground that the court is without jurisdiction, since plaintiff’s claim is barred by the statute of limitations, and on the ground that it should not be allowed because of laches, and further that it is without merit, since his discharge was in accordance with the applicable statutes and regulations.
On April 9,1951, plaintiff, who was employed as a Safety Engineer at the United States Naval Station, San Diego, California, received a notice of proposed removal. The notice contained a statement of charges and specifications against him and advised him that he had five days to answer the charges; and that he would be given a hearing upon his request. Upon plaintiff’s request for a hearing, a hearing board, consisting of three members, was appointed by the Commanding Officer to hear the case. Plaintiff, in a letter dated April 26,1951, objected to the appointment of Captain Gaasterland, who had been assigned as Chairman of the hearing board, on the grounds that Captain Gaasterland was “personally familiar with some of the aspects of plaintiff’s case.” The Commanding Officer, after consideration, overruled this objection. Shortly thereafter, the hearing board, as originally constituted, held hearings and heard the testimony on the charges filed against plaintiff. On May 28,1951, the board issued its findings, holding that of the 27 specifications against plaintiff, 18 were proven, 3 were proven in part, and 6 were not substantiated. It unanimously recommended that plaintiff’s removal action be sustained. On May 31,1951, plaintiff was advised of the recommendation of the hearing board and of the Commanding Officer’s decision to remove him, effective June 1,1951.
Plaintiff filed an appeal from this decision to the Twelfth Civil Service Region, but waived his right to a hearing. After an investigation, the Regional Director issued his findings and recommendations in plaintiff’s case, in which he upheld the agency’s action. Plaintiff further appealed to *55 the Civil Service Commission’s Board of Appeals and Review, stating that if granted a hearing and “if a personal hearing would aid my cause,” he would come to Washington. The Board of Appeals and Review replied that consideration would be given to his request for a hearing if he had additional evidence to present which could not be presented by affidavit. Plaintiff submitted certain written statements and other material, but made no further request for a personal hearing. After consideration of the entire record, the Board by letter dated January 10, 1952, affirmed the decision of the Twelfth Region.
Plaintiff filed his petition in this court on January 9,1958, which was one day less than six years from the final action of the Civil Service Commission’s Board of Appeals and Review, but considerably more than six years after his discharge from the Department of the Navy. Defendant says that on these facts, plaintiff’s petition is barred by 28 U.S.C. § 2501, which reads as follows:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
Since the statute of limitations is jurisdictional in this court, Moorehead v. United States, 112 Ct. Cl. 298, we are compelled to answer defendant’s contention. Defendant says that plaintiff’s claim first accrues when he is discharged from the Government, and since, as we stated in Cuiffo v. United States, 181 Ct. Cl. 60, his appeal to the Civil Service Commission is merely permissive rather than mandatory, the time spent in seeking redress in that forum does not toll the running of the statute of limitations.
Section 14 of the Veterans’ Preference Act, 5 U.S.C. § 863, provides that each veteran preference eligible “shall have the right to appeal to the Civil Service Commission from an adverse decision of * * * [an] administrative officer * * *, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision.” The section further provides that upon review the Commission could reverse the action of the administrative officer and “it shall be mandatory for such administrative officer to take such corrective action as the Commission finally *56 recommends.” This Act, in effect, provides an additional forum within the executive branch of the Government in which the veteran may seek review of an adverse personnel action. As we pointed out in Cuiffo v. United States, supra, the wording of the section merely gives a right of appeal to the veteran, but where the veteran elects to exercise this right of appeal within time, the adverse action of the employing agency is thereby deprived of finality, since the Civil Service Commission may reverse or modify the decision of the agency. Since this is binding on the agency, the administrative action does not become final until the Civil Service Commission has acted. Until then an aggrieved employee cannot resort to the courts. An attempt to do so during the pendency of an appeal to the Civil Service Commission would be premature. During that period, plaintiff’s discharge is not final and there is nothing for the court to adjudicate.
We must conclude, therefore, that when an appeal is taken to the Civil Service Commission by a veteran, the statute of limitations on actions in this court does not begin to run until the Civil Service Commission has acted.
Having disposed of this preliminary question, we turn now to the merits of plaintiff’s case. In his petition plaintiff has alleged several violations of Navy Department personnel regulations as well as a general allegation that the removal procedure of the Department of the Navy and the review thereof by the Civil Service Commission were arbitrary and capricious. Defendant’s brief and affidavits filed in support of its motion, and uncontroverted by the plaintiff, clearly show that there has been no technical violation of the departmental regulations. Plaintiff, however, maintains that the Navy violated the spirit of its regulations when Captain Gaasterland was appointed as Chairman of the agency hearing board. Plaintiff says that this appointment denied him a fair hearing, since Gaasterland was familiar with the facts of the case prior to his appointment and had previously suggested to plaintiff that he resign rather than face charges.
Personal knowledge of some of the facts does not create a presumption of bias. It is, of course, to be preferred that the mind of the trier of the facts be entirely free of any im *57 pression of a case be is to try; but, although be may know something about it, he can still approach his consideration of it with an open mind and give fair and impartial consideration to the evidence for and against the accused. Any prior impression he may have had may be entirely removed from the mind of a fair and impartial man after he has heard all the facts. More than once the writer of this opinion has left the bench with a definite idea of how a case ought to be decided, only to completely change his mind after further investigation.
On April 26,1951, plaintiff’s attorney wrote the Commanding Officer objecting to Captain Gaasterland as a member of the board because he “is personally familiar with some aspects of the matter.” The Commanding Officer declined to remove him. In his letter to plaintiff’s attorney he stated:
Capt. Gaasterland was selected as Chairman of this Board because of previous experience in this type of work in his former assignments in the Navy. He was chosen also because he has been on duty at the station such a short period of time, compared with other officers who might have been selected, and therefore has had less opportunity to crystalize opinions as to Mr. Keeney’s performance of duty. Further, he has already spent considerable time reviewing the entire record in this case and his replacement on the Board would merely mean that another officer who might be designated would have to make the same review and spend the same amount of time on the case.
Plaintiff was charged with unsatisfactory performance of his duties. Officers who had been long at this station were much more familiar with the way plaintiff did his work than Captain Gaasterland, who was a newcomer. Captain Gaas-terland’s information about the case seems to have come, not from personal contact with plaintiff, but from a review of the files.
After the letter of protest, no further objection was apparently made to Captain Gaasterland either before the agency or the Civil Service Commission.
Plaintiff filed an affidavit that Captain Gaasterland had suggested that he resign instead of contesting the charges. This allegation was not included in his petition or otherwise *58 mentioned until plaintiff’s supplemental brief was filed over two years after his action was begun. So far as the record discloses, this is the first mention of it since plaintiff was discharged nine years before. The circumstances surrounding the alleged suggestion are not disclosed. Coming at this late date, completely unsupported or explained, the allegation does not persuade us that Captain Gaasterland had prejudged the case. The most it shows is that his review of the files had created the impression on his mind that the charges had substantial foundation and that it might be better, from plaintiff’s standpoint, for him to resign rather than to risk the chance of a finding of guilt, which Captain Gaasterland’s review of the files indicated would probably happen. Granting all that, plaintiff still has not proven that Captain Gaasterland did not fairly and impartially consider all the evidence presented pro and con and arrive at an honest conclusion from the evidence presented. Eighteen of the specifications were sustained, three were sustained only in part, and six were not sustained. In tins suit there is no fact or allegation which would lead us to believe that the hearing as it was conducted by Captain Gaasterland and his two associates was anything but fair. Their unanimous findings and recommendations were concurred in, after an independent investigation, by both the Twelfth Region of the Civil Service Commission and by the Board of Appeals and Review of the Commission.
Defendant also interposes the defense of laches. This case presents a situation where such a defense has much merit, but we prefer to rest our decision on the ground that plaintiff has had a fair and impartial hearing and that the action of the agency and of the Civil Service Commission is supported by substantial evidence.
The defendant’s motion for summary judgment is granted. The plaintiff’s petition will be dismissed.
It is so ordered.
Laramore, Judge; Maddew, Judge; and JoNes, Chief Judge, concur.