BUONG VAN HO, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 01–324C.

United States Court of Federal Claims.

April 25, 2002.

Kent M. Henderson, Santa Ana, California, with whom on brief was Federico C. Sayre, for plaintiffs.

David B. Stinson, Attorney, Civil Division, with whom on briefs were James Kinsella, Deputy Director, David M. Cohen, Director, and Robert D. McCallum, Assistant Attorney General, Washington, D.C., for defendant. Corin Stone, United States Department of State, and Major Clarence P. Guillory, Department of Defense, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action by persons who worked for the United States during the war in Vietnam. They seek compensation for their service prior to the collapse of the South Vietnamese government in 1975. Plaintiffs seek to proceed as a class. Pending is defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Also pending is plaintiffs' motion for class certification and defendant's motion to stay consideration of class certification pending the outcome of the motion to dismiss. Oral argument was heard on April 22, 2002. As explained below, we find that this court does not have jurisdiction over the claims presented by plaintiffs.

## FACTUAL BACKGROUND [1]

Plaintiffs were, or are, citizens of the former Republic of Vietnam. They were hired at various times prior to April 30, 1975 to work for the United States Government in Vietnam. Plaintiffs claim that they were employees of either the former United States Embassy in the Republic of Vietnam, the Department of the Air Force, the United States Marine Corps, the United States Overseas Mission, the United States Agency for International Development ("USAID"), the Central Intelligence Agency, or other

---

1. The facts are drawn from the complaint. When considering a motion to dismiss for lack of jurisdiction, the court must construe the allega-tions of the complaint favorably towards the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

government agencies. Although each agency had its own policy, plaintiffs were commonly paid in check by the United States on a bimonthly basis payable in Vietnamese Piasters. On or about April 30, 1975, the North Vietnamese Army invaded South Vietnam and the Provisional Revolutionary Government of Vietnam took control of the country. This resulted in the United States' swift departure from Vietnam. Between April 30, 1975 and July 2000, there were no relations between the Socialist Republic of Vietnam and the United States.

Currently there are three plaintiffs named in the complaint: Mr. Buong Van Ho, Mr. Tho Truong Vo, and Mr. Minh Van Do. In 1976, Mr. Ho, along with his family, arrived at Fort Chaffee, Arkansas, on a special immigration visa that admitted former employees into the United States as refugees of the war in Vietnam. Mr. Ho left the camp when a sponsor from Lincoln, Nebraska, became available. He currently resides in Westminister, California. The complaint contains less information regarding the arrival in the United States of Mr. Vo and Mr. Do, but they have been in the United States since at least the mid–1980's.

Plaintiffs complain that the United States left Vietnam without paying for their services. Plaintiffs claim that they are entitled to unpaid final wages and separation allowance benefits, retirement benefits, Tet Bonus, sick leave, annual leave, holiday pay, and cash-subvouchers in the amount of two-thousand dollars issued by defendant. The final wages accrued from April 1, 1975 through April 30, 1975. Some plaintiffs claim that they were not paid for periods before April 1, 1975 because of the breakdown in normal procedures. In lieu of advance separation notice, many of the plaintiffs were entitled under their respective employment agreements to a payment equal to one month's salary. Pl.'s Ex. I. Potential class members have made demands for these amounts and received unsatisfactory responses from the United States government. The responses can be grouped into two categories: (1) denied based on 31 U.S.C. § 3329 (1994) (disallowing the Treasury to send a check to Vietnam) and Treasury Regulation 31 C.F.R. § 211.1 (withholding delivery of checks),[2] or (2) denied based on the 6–year statute of limitations, 31 U.S.C. § 3702(b) (1994 & Supp.1998).[3] The exception is a letter from Mr. Cicippio, of the USAID, dated May 5, 1995 to Mr. McCann regarding the claim of Mrs. Nguyen Thi Hao (not a named plaintiff in the pending case). It stated that "A.I.D. has been and will continue to honor all claim[s] to persons holding an Original Receipt issued toward the end of the war in Vietnam, all of which are in the amount of 2,000 dollars." Pl.'s Ex. M.

On May 29, 2001, plaintiffs filed this action. Their claims for relief include: (1) Breach of Contract, (2) Breach of Fiduciary Duty, (3) Breach of the Covenant of Good Faith and Fair Dealing, (4) Common Counts, (5) Quantum Meruit, (6) Restitution/Unjust Enrichment, (7) Promissory Estoppel, (8) Constructive Trust, (9) Resulting Trust, (10) Accounting, and (11) Declaratory Relief. Plaintiffs also demand a jury trial.[4] Defendants filed this motion to dismiss and a motion to stay consideration of plaintiffs' motion for class certification.

## DISCUSSION

Plaintiffs bear the burden of establishing jurisdiction. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991), *cited with ap-*

2. This section provided, in relevant part:
   (a) It is hereby determined that postal, transportation or banking facilities in general or local conditions in ... the Socialist Republic of Vietnam are such that there is not a reasonable assurance that a payee in those areas will actually receive checks or warrants drawn against funds of the United States ...
   ....
   (b) A check or warrant intended for delivery in any of the areas named in paragraph (a) of this section shall be withheld unless the check or

warrant is specifically released by the Secretary of the Treasury.
31 C.F.R. § 211.1 (1996). This section was superceded by changes recorded in 31 C.F.R. § 211.1 (1997), removing the Socialist Republic of Vietnam from the list.

3. This statute of limitations disallows claims brought before the Comptroller General more than six years after accrual.

4. Plaintiffs would not be entitled to a jury trial.

*proval in Bobula v. U.S. Department of Justice,* 970 F.2d 854, 858 (Fed.Cir.1992). Under the Tucker Act, this court's primary jurisdictional statute, a suit may only be brought if it is:

> founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (1994). In other words, a plaintiff must seek monetary relief, or equitable relief that is "an incident of and collateral to" a claim for money damages. *Bobula,* 970 F.2d at 859. Although Congress has authorized the Court of Federal Claims "to grant equitable relief in certain limited circumstances, those circumstances do not include the general authority to grant equitable relief whenever a declaratory judgment or an injunction would assist a claimant in obtaining monetary benefits in another forum." *Nat'l Air Traffic Controllers Assn. v. United States,* 160 F.3d 714, 716 (Fed.Cir. 1998). Plaintiffs' claims for equitable relief and declaratory relief, counts eight through eleven of their complaint, are therefore not within the jurisdiction of this court.

■ Defendant argues that plaintiffs' remaining claims are barred by the statute of limitations. Every claim over which the United States Court of Federal Claims has jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1994). On their face, the claims would appear to be barred, having accrued no later than 1975. As a general rule, "a claim accrues when all events necessary to the Government's liability have occurred ..." *L.S.S. Leasing Corp. v. United States,* 695 F.2d 1359, 1365 (Fed.Cir.1982). A claim for the government to pay money on a contractual

obligation "first accrues on the date when the payment becomes due and is wrongfully withheld." *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225 (1964). Although the statute of limitations in actions against the United States may be tolled under limited circumstances, none are applicable here.[5]

■ Plaintiffs argue, however that the claims did not accrue until August 12, 1996, when the Socialist Republic of Vietnam was removed from a list of "prohibited states." Plaintiffs are referring to 31 U.S.C. § 3329 and 32 C.F.R. § 211.1, which precluded the Treasury from sending a check to the Socialist Republic of Vietnam. They therefore argue that to bring a suit before August 1996 would have been futile. Defendant points out that the statute and regulation only preclude mailing a check to the Socialist Republic of Vietnam. The three named plaintiffs have lived in the United States for many years, according to the complaint, and by counsel's admission. Moreover this provision would not appear to be a direct disability to bringing a claim so long as any money determined to be owed to the plaintiffs was not mailed to them in Vietnam.

Plaintiffs further argue that the USAID reaffirmed the debt owed by the United States to plaintiffs and therefore the claim "re-accrued" on May 5, 1995. Even if the court were to assume that a government employee could revive a dead claim, an assumption that is highly problematic, there are other shortcomings in this argument. The letter by Mr. Cicippio only acknowledges the claim for payment on an Original Receipt issued by the United States for two-thousand dollars. The letter does not address the other relief plaintiffs seek such as wages, separation benefits, retirement benefits, Tet bonus, sick leave, annual leave, and holiday pay. Additionally, even if the court were to

---

5. "A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases." 28 U.S.C. § 2501. "Beyond the seas" does not apply to aliens who are not in the country. *See Pacifico v. United States,* 80 Ct.Cl. 391, 1934 WL 2072 (1934). Courts have found that where plaintiffs' claims are inherently unknowable or are concealed by defendant, it is possible to toll the statute of limitations. *See Goewey v. United States,* 222 Ct.Cl. 104, 612 F.2d 539 (1979). Plaintiffs have not alleged that the claims were unknown or concealed. The statute of limitations is an express condition of the government's waiver of sovereign immunity, therefore this court may not toll the running of the statute on equitable grounds. *See Soriano v. United States,* 352 U.S. 270, 273, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Pratt v. United States,* 50 Fed.Cl. 469 (2001).

agree that the acknowledgment of the debt by Mr. Cicippio had the effect of causing the claim to re-accrue or the statute of limitations to toll, the present complaint would still be outside the limitations period. The letter is dated May 5, 1995, while the complaint was filed May 29, 2001. Under any construction, the statute of limitations has run on the plaintiffs' claims. It is unnecessary to address defendant's other arguments.

## CONCLUSION

Because the claims of all named plaintiffs are stale, defendant's motion to dismiss is granted based on lack of jurisdiction. The motion for class certification is therefore denied as moot. The Clerk is ordered to enter judgment accordingly, each side to bear its own costs.