This pro se case is based on a claim contesting a denial of disability benefits by the Social Security Administration. Defendant moves to dismiss plaintiffs petition, without oral argument, on the grounds that this court lacks jurisdiction over the subject matter of the claim, or in the alternative, that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has not responded to this motion.
Plaintiff sought social security disability benefits alleging that he was disabled because of a renal hernia condition and operation. The Social Security Administration determined on December 2, 1977, that plaintiffs condition was not disabling within the meaning of the law, that he was therefore not entitled to disability benefits, and so notified plaintiff. Plaintiff now seeks review of that denial and prays for recovery in the amount of three hundred seventy-six dollars ($376.00) per month dating from October 1977. Also, plaintiff seeks the assistance of this court in recovering his "patent document card” from either the Veteran’s *717 Hospital in Long Beach, California, or from the United States Central District in Los Angeles, California. .
The proper forum for judicial review of any final decision regarding Social Security disability benefits is the district court of the United States for the judicial district in which plaintiff resides or has his principal place of business. 42 U.S.C. § 405(g) (1976). This court has previously concluded that it lacks jurisdiction to review a claim for Social Security disability benefits. Burton v. United States, 205 Ct.Cl. 846 (1974). Apparently plaintiff filed a complaint in the district court and was unsuccessful in obtaining relief. Nevertheless, resort to district court is his exclusive remedy. 42 U.S.C. § 405(h).
Plaintiffs prayer to this court for assistance in retrieving his lost "patent document card” must also be denied as we lack the power to grant such specific or equitable relief. Richardson v. Morris, 409 U.S. 464 (1973) and Glidden Co. v. Zdanok, 370 U.S. 530, 557 (1962). It is therefore concluded that this court lacks jurisdiction over both of plaintiffs alleged claims.
it is therefore ordered, that defendant’s motion to dismiss be and the same is granted, plaintiffs petition is dismissed.
Plaintiffs motion to vacate the order was denied May 1, 1981; plaintiffs petition for a Writ of certiorari was denied October 5,1981.