This pro se case is before the court without oral argument on defendant’s motion to dismiss the petition. As often occurs in pro se matters, the plaintiff has considerable difficulty in articulating his claims. We think, however, his submissions may best be read either as a claim for increased old-age benefits under the Social Security Act, 42 U.S.C. §§ 401 et seq. (1976), or as a constitutional challenge to that Act. Under either reading, plaintiffs suit in this court must fail. While a claim for social security benefits would nominally be one "founded * * * upon * * * [an] Act of Congress * * *” and thus nominally within the jurisdiction 28 U.S.C. § 1491 establishes for this court, 42 U.S.C. § 405(g) and (h) clearly place such a claim beyond our jurisdiction. E.g., Hickman v. United States, 226 Ct.Cl. 716, 717, cert. denied, 454 U.S. 847 (1981); Burton v. United States, 205 Ct.Cl. 846 (1974); cf. Alabama Hospital Assoc. v. United States, 228 Ct.Cl. 176, 191-92, 656 F.2d 606, 616 (1981), cert. denied 456 U.S. 943 (1982) (the Court of Claims, *479 notwithstanding the literal language of 28 U.S.C. § 1491, has no jurisdiction over certain Medicare providers’ suits in light of 42 U.S.C. § 405(g) and (h)). As to the constitutional claims, plaintiff cites no constitutional provision which mandates he be paid compensation and thus these constitutional claims are beyond our jurisdiction. See Gordon v. United States, 227 Ct. Cl. 328, 330 n.2, 649 F. 2d 837, 838 n.2 (1981); Alabama Hospital Association, supra, 228 Ct.Cl. at 181, 656 F.2d at 609. See generally United States v. Testan, 424 U. S. 392, 400 (1976). Moreover, even if we otherwise had jurisdiction of these constitutional claims, 42 U.S.C. § 405(g) and (h) presumably relegate such claims to the district courts.
Therefore, we have no jurisdiction over this petition and dismissal would appear appropriate. As we often do when pro se plaintiffs are before us, however, we have considered on our own motion the alternatives to dismissal. Under 28 U.S.C. § 1506, we may, in the interest of justice, transfer a case to a district court where the action "could have been brought.” See generally Lagala v. United States, 225 Ct.Cl. 645, 646 (1980). This plaintiff plainly wishes his day in court and we think a transfer so he might have that day to be in the interest of justice.
it is therefore ordered that defendant’s motion to dismiss the petition be and is hereby denied without prejudice. On the court’s own motion, this case shall be transferred to the United States District Court for the Eastern District of Michigan for further proceedings.