RICHARDSON, SECRETARY OF HEALTH, EDU-
CATION, AND WELFARE *v.* MORRIS ET AL.

No. 72–603.  Decided January 15, 1973

PER CURIAM.

Appellees are illegitimate children on whose behalf a
class action was commenced seeking to enjoin enforce-
ment of § 203 (a) of the Social Security Act, 49 Stat.
623, as amended, 42 U. S. C. § 403 (a), on the ground
that the provision was unconstitutional under this Court's
decisions in *Weber* v. *Aetna Casualty & Surety Co.,* 406
U. S. 164 (1972), and *Levy* v. *Louisiana,* 391 U. S. 68
(1968).  The District Court granted appellees' request
for declaratory and injunctive relief.

On the merits, this appeal involves the same issues
that were raised in *Davis* v. *Richardson,* 342 F. Supp. 588
(Conn.), aff'd, *post,* p. 1069, and *Griffin* v. *Richardson,*
346 F. Supp. 1226 (Md.), aff'd, *post,* p. 1069.  Unlike
those cases, however, the District Court here purported
to predicate its jurisdiction on the Tucker Act, 28 U. S. C.
§ 1346 (a)(2).  Assuming, *arguendo,* that exhaustion of
the administrative remedies provided by the Social Se-
curity Act was not a prerequisite to appellees' attack on
the facial constitutionality of § 203 (a), see *Public Utili-
ties Comm'n of California* v. *United States,* 355 U. S.
534 (1958), we nonetheless conclude that it was error for

the District Court to assume jurisdiction under the Tucker Act.

The Tucker Act plainly gives district courts jurisdiction over claims against the United States for money damages of less than $10,000 that are "founded . . . upon the Constitution."\* But the Act has long been contrued as authorizing only actions for money judgments and not suits for equitable relief against the United States. See *United States* v. *Jones,* 131 U. S. 1 (1889). The reason for the distinction flows from the fact that the Court of Claims has no power to grant equitable relief, see *Glidden Co.* v. *Zdanok,* 370 U. S. 530, 557 (1962) (Harlan, J., announcing the judgment of the Court), and the jurisdiction of the district courts under the Act was expressly made "concurrent with the Court

---

\*The Act, in pertinent part, reads as follows:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

.        .        .        .        .

"(2) Any other [excepting certain tax cases] civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

The Act was passed in 1887.    24 Stat. 505.    As enacted, the Act read in terms of "[a]ll claims" rather than "[a]ny other *civil action or* claim."    Appellees suggest that the added phrase was intended to broaden the scope of district court jurisdiction to include "actions" for injunctions as well as "claims" for monetary damages. The phrase, however, did not appear in the 1940 edition of the Judicial Code, 28 U. S. C. § 41 (20), and appears to have been inserted during the revision in 1948, without any suggestion that the change was to affect the section's substance.    In any event, the corresponding section dealing with the concurrent jurisdiction of the Court of Claims contains no such addition.    See 28 U. S. C. § 1491.

of Claims." See *United States* v. *Sherwood,* 312 U. S. 584, 589–591 (1941); *Bates Mfg. Co.* v. *United States,* 303 U. S. 567, 570 (1938). What was said in *Sherwood, supra,* at 591, applies here:

> "[T]he Tucker Act did no more than authorize the District Court to sit as a court of claims and . . . the authority thus given to adjudicate claims against the United States does not extend to any suit which could not be maintained in the Court of Claims."

Although appellees contend that jurisdiction was properly asserted under various alternative provisions of the Judicial Code, the District Court did not pass upon the applicability of those other provisions. Accordingly, appellees' motion for leave to proceed *in forma pauperis* is granted, the judgment is vacated, and the case remanded to the District Court for further proceedings consistent with this opinion.

*It is so ordered.*