Andres Serrano **MEDINA**, Plaintiff,

v.

**UNITED STATES of America, Commanding Officer of the Naval Station, Roosevelt Roads, Puerto Rico Antilles Consolidated School System, Defendants.**

Civ. No. 79–0296.

United States District Court,
D. Puerto Rico.

June 23, 1982.

Robert J. Walser, San Juan, P.R., for plaintiff.

Vilma J. Vilá Sellés, Asst. U. S. Atty., Hato Rey, P.R., for defendants.

## MEMORANDUM OPINION AND ORDER

CEREZO, District Judge.

The complaint filed on January 25, 1979 alleges that defendants' action in revoking plaintiff's authorization to enter the Navy Base in Roosevelt Roads, Ceiba, Puerto Rico violated his constitutional rights to a due process of law and equal protection of the laws as well as the negotiated agreement with the Industrial, Technical, Professional and Government Employees Division of the National Maritime Union of America, AFL–CIO, (the Union) and Executive Order 11491. Jurisdiction was originally invoked under 28 U.S.C. Sec. 1346(a)(2). On October 12, 1979 plaintiff amended his complaint essentially for the purpose of asserting jurisdiction under 28 U.S.C. Secs. 1331, 1343, 1346(a)(2), 1346(b) and 42 U.S.C. Sec. 1985.

A motion for summary judgment was filed by plaintiff on June 22, 1979 in which he requested judgment in his favor on the ground that defendants' answers to his interrogatories clearly demonstrate that the reasons for his debarment from the base were not within the exception of *Cafeteria and Restaurant Workers Union v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) *(Cafeteria Workers)* to the requirement of a hearing prior to exclusion. Defendants' opposition states that plaintiff erroneously based his position on their *objections* to his interrogatories, not on their *answers,* and that the questions asked were unrelated to the issue presented. (Emphasis ours). On December 7, 1979 defendants filed their own motion for summary judgment claiming that the complaint fails to state a cause of action under 42 U.S.C. Sec. 1985 or 5 U.S.C. Sec. 701 and that the Court lacks jurisdiction under 28 U.S.C. Sec. 1343 or Sec. 1346. In addition, they contend that there has been no violation of plaintiff's due process rights and that he failed to exhaust administrative remedies as required by Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e–16. Plaintiff opposed this motion on January 22, 1980. A reply and an opposition thereto are also part of the record.

### Facts

Plaintiff is a former employee of the Antilles Consolidated School System at the U. S. Naval Station in Roosevelt Roads, Ceiba, P.R., who also operated a taxi within the grounds of the naval station. In order to pursue these occupations, two authorization cards had been issued allowing him to enter the base. It was later found that certain discrepancies and differences existed in these cards.

On January 8, 1978, plaintiff and two others were stopped on Navy grounds by Naval Station Security personnel and apprehended because a bag of marihuana was allegedly found in the car they were riding. After some investigation of the incident plaintiff was informed that he would not be permitted to enter the naval base any longer. At the request of plaintiff's attorney a meeting or hearing was held on January 17, 1978 at the office of U. S. Navy Commander Serig in which the matter of his debarment was discussed. No immediate action was taken until March 30, 1978 when the order of debarment became final. Meanwhile, a criminal case pending against plaintiff in the local courts had been set for trial on April 1978. On May 11, 1978, the local charges against plaintiff were dismissed and charges filed in this Court were also dismissed on July 1978. On November 7, 1978, plaintiff requested reinstatement on the ground that the criminal charges had been dismissed. The naval station's commanding officer rejected this request stating that although cleared of criminal charges he was still guilty of possessing fraudulent identification badges in violation of Naval Station regulations and United States laws. Soon afterwards plaintiff filed this complaint.

### Jurisdiction

The defendants are the United States of America, the Commanding Officer of the Naval Station at Roosevelt Roads and the Antilles Consolidated School System (Antilles Consolidated). Jurisdiction is asserted under the Tucker Act, as amended, Sections 1346(a)(2) and (b) of Title 28, United States Code, since the action is founded on a contract between the Antilles Consolidated School System and the Union and on a constitutional tort allegedly committed by an officer of the United States. Monetary as well as equitable relief is sought.

The Tucker Act is a jurisdictional statute which authorizes federal district courts to entertain suits against the United States only in the circumstances specified by it. 28 U.S.C. Sec. 1346. Because the jurisdiction of the district court under this Act is concurrent with the Court of Claims, the statute has been construed as not conferring jurisdiction to grant equitable remedies. See: *Lee v. Thornton*, 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975); *Richardson v. Morris*, 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973); *United States v. Sherwood*, 312 U.S. 584, 589–591, 61 S.Ct. 767, 771–772, 85 L.Ed. 1058 (1941). But see *United States v. Milliken Imprinting Co.*, 202 U.S. 168, 173–174, 26 S.Ct. 572, 573–574, 50 L.Ed. 280 (1906). Jurisdiction against the United States for nonmonetary relief, however, has been found to exist under 28 U.S.C. Sec. 1331(a), as amended, and 5 U.S.C. Sec. 702. See: *Beller v. Middendorf*, 632 F.2d 788, 796–797 (9th Cir. 1980); *Sheehan v. Army and Air Force Exchange Service*, 619 F.2d 1132, 1138–40 (5th Cir. 1980); *Jaffee v. United States*, 592 F.2d 712, 718–719 (3rd Cir. 1979), cert. denied 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979). But see: *Watson v. Blumenthal*, 586 F.2d 925 (2nd Cir. 1978).

■ Section 1346(a)(2) of Title 28, U.S. Code, limits the jurisdiction of this Court to claims not exceeding $10,000. Jurisdiction for claims which exceed $10,000 lies with the Court of Claims, pursuant to 28 U.S.C. Sec. 1491. Plaintiff is claiming back pay from March 30, 1978 to the time of judgment. Defendants contend that since this amount exceeds $10,000 the Court lacks subject matter jurisdiction over plaintiff's claim for back pay. It has been held, however, that "[p]laintiff may confer jurisdiction upon a district court pursuant to the Tucker Act by waiving any damages in excess of $10,000." *Di Luigi v. Kafkalas*, 437 F.Supp. 863, 870 (M.D.Pa.1977) (citations omitted), vacated on other grounds 584 F.2d 22 (3rd Cir. 1978), cert. denied 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772. Plaintiff in this case has waived all damages against the United States in excess of $10,000, therefore, jurisdiction is not barred by his original claim.

■ Jurisdiction under section 1346(a)(2) is based upon the negotiated agreement signed between the Industrial, Technical,

Professional and Government Employees Division of the National Maritime Union of America, AFL–CIO, and the Antilles Consolidated Schools Cafeteria Fund, Fort Buchanan, P.R., pursuant to Executive Order 11491, as amended, reprinted as a note in 5 U.S.C.A. Sec. 7101 (1980). Antilles Consolidated is a nonappropriated fund instrumentality which, as the name implies, does not receive its monies by congressional appropriation. See: *United States v. Hopkins,* 427 U.S. 123, 125, n. 2, 96 S.Ct. 2508, 2510, n. 2, 49 L.Ed.2d 361 (1976). For this reason, "the government assumes none of the financial obligations of the [instrumentality]." *Id.,* at 124, 96 S.Ct. at 2509, quoting (*Standard Oil Co. v. Johnson,* 316 U.S. 481, 485, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611 (1942)). Until the 1970 amendment to the Tucker Act, Pub.L.No. 91–350, Sec. 1(a), 84 Stat. 449, district courts lacked any authority to enforce obligations assumed by nonappropriated funds instrumentalities against the Federal Government. In 1970, the Act was amended to expressly provide that contracts with *certain* nonappropriated fund instrumentalities shall be considered contracts with the United States (emphasis ours). However, as evidenced by congressional intent, the amendment is limited to the instrumentalities enumerated in the Act. See: H.R.Rep.No. 91–933, 91st Cong., 2d Sess. (1970), reprinted in [1970] U.S.Code Cong. and Ad.News 3477. The Antilles Consolidated Schools Cafeteria Fund is not one of the excepted nonappropriated funds instrumentalities. Therefore, the United States Government cannot be held liable for the contractual obligations assumed by it and the Court lacks jurisdiction under 28 U.S.C. Sec. 1346(a)(2).

■ Monetary damages are also claimed against the United States under 28 U.S.C. Sec. 1346(b) for the tortious acts of its agents or employees. The decision of the commanding officer, in this case the officer charged with having committed a tortious act, to debar plaintiff from the naval station is a discretionary function within the exception established by the Federal Tort Claims Act for which the United States does not respond. 28 U.S.C. Sec. 2680(a).

See: *Cafeteria Workers,* 367 U.S., 892–894, 81 S.Ct., 1747–1748. Moreover, "[i]t seems clear that the sovereign immunity of the United States is not waived simply because agents of the government may be *personally* liable for deprivation of constitutional interests." *American Association of Commodity Traders v. Dept. of Treasury,* 598 F.2d 1233, 1235 (1st Cir. 1979), citing (*Duarte v. United States,* 532 F.2d 850 (2d Cir. 1976) and *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). See also: *Jaffee,* 592 F.2d, at 717. This Court lacks jurisdiction in this case to render a judgment for money damages against the United States under 28 U.S.C. Sec. 1346(b).

■ Jurisdiction is also asserted under 28 U.S.C. Sec. 1331 and under 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1985, alleging a violation of plaintiff's constitutional rights by federal officials and a federal agency. It has been held that the federal question jurisdiction statute may be invoked to obtain redress from constitutional deprivations committed by federal officers. See: *Butz v. Economou,* 438 U.S. 478, 486, 98 S.Ct. 2894, 2900, 57 L.Ed.2d 895 (1978); *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 394–397, 91 S.Ct. 1999, 2003–2005, 29 L.Ed.2d 619 (1971). Defendants contend, however, that the complaint fails to state a cause of action under 42 U.S.C. Sec. 1985 since no allegation of a "conspiracy" to deprive plaintiff of his rights to equal protection of the laws has been made since it is not alleged that defendants "conspired" with others to deprive him of his constitutional rights. Plaintiff argues that under subsection (3) of Section 1985 he is not required to seek redress against *all* the conspirators and that he may sue any one of them. To state a cause of action under 42 U.S.C. Sec. 1985 it is essential that the plaintiff allege that defendants "(1) 'conspire[d] . . .' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges under the laws' " and that "one or more of the conspirators, (3) did, or caused to be

done, 'any act in furtherance of the object of [the] conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'" *Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798–1799, 29 L.Ed.2d 338 (1971). Although redress may be sought against some, and not all of the conspirators, there must be some allegation that the named persons conspired among themselves or with other persons not named in the complaint. "A person cannot conspire with himself." Devitt & Blackmar, *Federal Jury Practice and Instructions*, 3d ed., Vol. 2, Sec. 27.12. The complaint in this case does not contain any allegation of a conspiracy[1] and even read in the manner most favorable to plaintiff it does not assert a conspiracy at all. Plaintiff has not stated a cause of action under 42 U.S.C. Sec. 1985.

It is further alleged in the complaint that defendants violated plaintiff's due process rights. Plaintiff has requested summary judgment in his favor urging that defendants' answers to his interrogatories clearly show that the "security-clearance" exception to due process of law established by *Cafeteria Workers*, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) is not present in this case.[2] Defendants counter stating that in *Cafeteria Workers* the commanding officer's absolute authority to summarily exclude persons from the area of his command was recognized by the Supreme Court of the United States. See: 32 CFR Sec. 700.-702 (1981). In *Cafeteria Workers*, the Supreme Court held that a trial-type hearing was not required when a naval station's commanding officer withdrew a civilian employee's right to access to the station because of said employee's failure to meet the security requirements of the particular station. At page 895, the Court stated: "[C]onsideration of what due process may

require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." When compared with the military's interest as proprietor and manager of an important federal military establishment, petitioner's interests (in *Cafeteria Workers*) to enter a particular naval station and to retain a particular job within that station did not require a hearing on the issue of her debarment. The Court explained, however, that the commanding officer could not withdraw his permission to enter the station, which amounted to petitioner's discharge from her job, for "patently arbitrary and discriminatory" reasons. *Id.*, at 898, 81 S.Ct. at 1750. It further distinguished the facts in *Cafeteria Workers* from those present in cases where "government action operated to bestow a badge of disloyalty or infamy, with an attendant foreclosure from other employment opportunity" (citations omitted). *Id.* and for which some due process of law must be afforded.

■ Plaintiff's interest to enter the naval station in Roosevelt Roads is not a property interest. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Plaintiff's permission to enter the base was at all times subject to the commanding officer's orders regarding entrance thereto. See: 32 CFR Secs. 700.702, 700.714 (1981); *Cafeteria Workers*, 367 U.S. 893–94, 81 S.Ct. 1747–48. Plaintiff's interest in pursuing his taxi business within grounds of the naval station

---

1. Plaintiff requested to amend his complaint on March 6, 1981 to the effect of adding new defendants to his cause of action and thereby alleging a conspiracy under 42 U.S.C. Sec. 1985. On April 10, 1981 this request was denied after a hearing.

2. A security-clearance is a procedure through which an individual is "cleared" to directly work with "highly classified" and sensitive military equipment, information, or material. See: 32 CFR 156–1, *et seq.* (1981). *Cafeteria Workers* involved a naval gun factory or weapons plant where "highly classified" material and information could be located.

also depended upon the commanding officer's authority to regulate admittance to the base to dealers or tradesmen or their agents "[t]o furnish services and supplies which are necessary and are not otherwise, or are insufficiently, available to the personnel of the command." 32 CFR Sec. 700.-715(a)(3) (1981). Thus, he had no more than an abstract need or desire to conduct business within the naval station. As to his interest in retaining his job as a cook at the Antilles Consolidated School Cafeteria, any legitimate claim of entitlement to said job was created by the negotiated agreement between the Union and the employer, Antilles Consolidated, and the only process due was under the grievance procedure established by Article XX of said agreement. See: 5 U.S.C. Sec. 7121.

■ Although no violation of plaintiff's *property* rights have been found in this case, the reasons advanced for his debarment are such that, if made public, could impair *liberty* interests in his "good name, reputation, honor or integrity" and in obtaining future employment. See: *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. at 573–574, 92 S.Ct. at 2707; *Limerick v. Greenwald*, 666 F.2d 733 (1st Cir. 1981); *Rodríguez de Quiñonez v. Pérez*, 596 F.2d 486, 489–92 (1st Cir. 1979) cert. denied 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51. Nevertheless, pursuant to Navy Regulations, and in accordance with 5 U.S.C. Sec. 552(b), plaintiff's personnel records, as well as the investigative files related to the marihuana incident are exempted from public disclosure. See: 32 CFR Sec. 701.24(f) and (g) (1981); 5 U.S.C. Sec. 552(b)(6) and (7). Therefore, only if the Navy can be expected to violate its own regulations, as well as the law against public disclosure of information which may affect privacy interests, can it be concluded that plaintiff's liberty interests are really at stake. There is no allegation in the complaint stating that this will be so, or that it has already occurred. See: *Sims v. Fox*, 505 F.2d 857, 862–864 (5th Cir. 1974), cert. denied 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975). Furthermore, the regulations of the Department of the Navy, 32 CFR Secs. 723.1, *et seq.* (1981), establish a procedure for the correction of records which provides a remedy against any false, derogatory information contained in the records of the Navy. Having found no infringement of plaintiff's "property" or "liberty" interests in this case, we conclude that his summary debarment from the naval station in Roosevelt Roads, P.R. was not in violation of his due process rights guaranteed by the Constitution of the United States.

■ Finally, it is contended that the actions of defendants were "capricious, an abuse of authority, with[out] finding in fact or reason. . . ." Plaintiff understands that because the criminal charges filed against him were dismissed for "lack of evidence" there is also insufficient evidence to support the commanding officer's determination to bar him from the base. He claims, without submitting any supporting evidence, that all the evidence in the Navy's records is "false, self-serving, or perjury." The commanding officer's authority to exclude persons from the area of his command is a decision committed to agency discretion within the exclusion established by 5 U.S.C. Sec. 701(a)(2). See: *ante*, this memorandum. The substantial evidence standard for review of the agency action established by 5 U.S.C. Sec. 706(2)(E) is therefore, inapplicable. A standard for review of decisions concerning military affairs has been established in *Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971). There it was held that a civil court may review military decisions only where the complaint sufficiently alleges (a) a deprivation of constitutional rights or that the military acted in violation of applicable laws or regulations and (b) that available intraservice corrective measures have been exhausted. *Id.* The Court does not, however, necessarily have to grant relief if a balance of the relevant considerations does not favor judicial review. *Id.* In *Noyd v. Bond*, 395 U.S. 683, 694, 89 S.Ct. 1876, 1882, 23 L.Ed.2d 631 (1969) the Supreme Court stated:

In reviewing military decisions, [the courts] must accommodate the demands

of individual rights and the social order in a context which is far removed from those which we encounter in the ordinary run of civilian litigation, whether state or federal. In doing so, [they] must interpret a legal tradition which is radically different from that which is common in civil courts.

The commanding officer's absolute authority to summarily exclude civilians from the area of his command has been historically unquestioned and recognized by the Supreme Court in *Cafeteria Workers*, 367 U.S. at 892–894, 81 S.Ct. at 1747–1748. Only if confronted with the special circumstances set forth in that case could this court overrule the commanding officer's order disbarring plaintiff from the naval station. In the case before us there has been no violation of plaintiff's constitutional interests nor are the announced grounds for plaintiff's exclusion patently arbitrary or discriminatory. The fact that he was not found guilty of criminal charges for possession of controlled substances does not make the commanding officer's decision arbitrary or discriminatory for he had valid grounds for suspecting plaintiff and for deciding that it was best for his command area that he be excluded therefrom. The commanding officer's discretion to exclude persons from the base cannot depend on a finding of "guilt beyond a reasonable doubt." To rule that it does completely annuls that discretion. See: *Alsbury v. U. S. Postal Service*, 530 F.2d 852, 855 (9th Cir. 1976) cert. denied 429 U.S. 828, 97 S.Ct. 85, 50 L.Ed.2d 91; *Finfer v. Caplin*, 344 F.2d 38, 41 (2nd Cir. 1965) cert. denied 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124.

For the reasons stated the Motion for Summary Judgment filed by plaintiff is DENIED and the Motion to Dismiss and/or for Summary Judgment of defendants is GRANTED.

SO ORDERED.