**Michael ZUMERLING, et al., Appellees,**

v.

**John O. MARSH, Jr., etc., et al., Appellants.**

**Appeal No. 85–2419.**

United States Court of Appeals,
Federal Circuit.

Feb. 10, 1986.

Sandra P. Spooner, Commercial Litigation Branch, Department of Justice, Washington, D.C., argued, for appellants. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director.

Michael S. Wolly, Mulholland & Hickey, Washington, D.C., argued for appellees. With him on brief was Thomas A. Woodley.

Before MARKEY, Chief Judge, and DAVIS and SMITH, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal of an order and final judgment of the United States District Court for the Western District of Pennsylvania, assessing post-judgment interest against the United States in an action for minimum wages and liquidated damages under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (1982) (FLSA). We hold that the United States has not waived its sovereign immunity with respect to an award of post-judgment interest in FLSA cases and therefore reverse the order and final judgment of the district court.

## I.

This action was brought by several federal firefighters and law enforcement officers seeking overtime pay, minimum wages, liquidated damages, and attorney fees pursuant to the Fair Labor Standards Act of 1938. The United States District Court for the Western District of Pennsylvania granted the federal employees' motion for summary judgment with respect to the minimum wage claims of certain of the

1. The district court granted the government's motion for summary judgment as to the employees' claim for overtime pay.

2. Defendant's Response to Plaintiffs' Motion for an Award of Liquidated Damages and Interest, *Zumerling v. Devine*, 591 F.Supp. 537 (W.D.Pa. 1984).

employees who were employed by the government as firefighters between 1978 and 1981. *Zumerling v. Marsh*, 591 F.Supp. 537 (W.D.Pa.1984), aff'd, *Zumerling v. Devine*, 769 F.2d 745 (Fed.Cir. 1985).[1]

The district court thereafter directed the parties to determine the amount due each firefighter entitled to minimum wages under the terms of the court's decision. On November 5, 1984 those firefighters who recovered minimum wages moved for an award of liquidated damages and post-judgment interest. The government objected neither to the granting of liquidated damages nor to the award of post-judgment interest.[2]

On March 14, 1985 the parties submitted a stipulation to the district court that set forth the amounts due those firefighters entitled to minimum wages for whom records were available. In an order and final judgment entered on March 28, 1985 the district court approved the parties' stipulation, granted the employees' back wages and liquidated damages, and granted the employees' motion for post-judgment interest. This appeal solely concerns the post-judgment interest.

## II.

Before us, the Government appellants contend that an award of post-judgment interest against the United States is precluded because no statute or contract specifically provides for the assessment of such interest.[3] Appellees argue that the appeal should be dismissed because appellants failed to object to the award of post-judgment interest below, and therefore waived that argument. Then, assuming that appellants' argument on interest is to be considered, appellees contend that the

3. *See* 28 U.S.C. § 2516(a) (1982). That section states that "interest on a claim against the United States shall be allowed in a judgment of the United States Claims Court only under a contract or Act of Congress expressly providing for payment thereof."

district court properly awarded post-judgment interest because Congress—in extending the FLSA to federal employees—intended that those employees receive the identical benefits and protections already accorded private sector employees. In a word, appellees argue that Congress opened the door to awards of post-judgment interest, an ordinary incident to private litigation.

■ Although appellees argue that the United States[4] waived its right to appeal the award of post-judgment interest because it did not contest the award before the district court, the issue of whether interest is allowable against the United States has always been considered a jurisdictional matter. *United States v. Sherwood*, 312 U.S. 584, 591, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941); *see Holly v. Chasen*, 639 F.2d 795 (D.C.Cir.), *cert. denied*, 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94 (1981). As such, it is subject to consideration by this court notwithstanding appellants' failure to raise it before the district court. *Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769; *see also Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981).[5] There is no legal barrier to our now deciding that issue which is

not only a basic jurisdictional one but is also purely legal.[6]

## III.

■ It is axiomatic that "[t]he sovereign's consent to be sued cannot be implied but must be unequivocally expressed." *Kania v. United States*, 650 F.2d 264, 269, 227 Ct.Cl. 458, *cert. denied*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981); *see also United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Thayer-West Point Hotel*, 329 U.S. 585, 586, 67 S.Ct. 398, 399, 91 L.Ed. 521 (1947). Therefore, "[a]n allowance of interest on a claim against the United States, absent constitutional requirements, requires an *explicit* waiver of sovereign immunity by Congress. Such express consent to the payment of interest must be found in either a special statute or an express contractual provision. The intent by Congress to permit the recovery of interest cannot be implied," and must be strictly construed. *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1383 (Fed. Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983) (emphasis in original); *see also Brookfield Construction Co. v. United States*, 661 F.2d 159, 165, 228 Ct.Cl. 551 (1981).[7]

---

4. This action was brought against the heads of various federal agencies, it is, however, a suit against the United States because appellants seek money damages from the federal treasury. *E.G., Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963).

5. *See, e.g., Insurance Corp. v. Compangnie des Bauxites*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982), where the Court stated:

> [s]ubject-matter jurisdiction ... is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, *California v. LaRue*, 409 U.S. 109 [93 S.Ct. 390, 34 L.Ed.2d 342] (1972), principles of estoppel do not apply, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18 [71 S.Ct. 534, 541–42, 95 L.Ed. 702] (1951), and a party does not

waive the requirement by failing to challenge jurisdiction early in the proceedings.

6. Appellants have moved for remand of the case so that the district court can reconsider its grant of post-judgment interest. Appellees oppose remand. The interest question has been fully briefed and argued in this court, and we see nothing to be gained by a remand. In all probability, whichever side loses on remand will then appeal to this court, and the matter will then have to be presented and considered again. The motion for remand should therefore be denied.

7. In *Brookfield Construction Co.*, 661 F.2d at 161, the Court of Claims held that "a contractor which has elected to proceed under the [Contract Disputes Act of 1978 could not] recover interest on its subsequently-allowed claims for periods of time prior to the effective date of the Act." The court based its decision, in part, on the lack of affirmative guidance from Congress and "the traditional cautioning against imposing nonconstitutional interest on the Government if the mandate is not clear." *Id.* at 163.

Appellees admitted at oral argument and we agree that there is no express provision in the FLSA providing for an award of post-judgment interest in this case. There is also no contract between the employees and the government calling for the payment of such interest. Appellees assert, however, that this court should read a waiver of sovereign immunity into the FLSA. They urge that Congress intended to subject the United States to all incidents of litigation, *i.e.*, to place the United States in the same position as a private employer,[8] and because Congress did not expressly preclude awards of post-judgment interest in FLSA actions against the United States, it must have intended that post-judgment interest could be awarded in such cases. This argument, however, is "hopelessly dependent on implications and negative inferences" and therefore must fail.[9] *Nibali v. United States*, 634 F.2d 494, 497, 225 Ct.Cl. 8 (1980).[10]

■ It is also said that the FLSA is remedial in nature and should be construed in a manner consistent with its overriding objectives. However, this argument is not sufficient to overcome the principle that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Brookfield Construction Co.*, 661 F.2d at 165 (*quoting Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957)). On that postulate, the general remedial character of the FLSA is not enough to require post-judgment interest against the United States where Congress has not provided it.

### IV.

■ We now consider whether any other federal statute would permit the payment of post-judgment interest in this case. Appellees say that 28 U.S.C. § 1961(a) (1982) bolsters their argument.[11] Section 1961(a) provides for the payment of post-judgment interest in civil cases brought in a United States District Court. It is not applicable in this instance, however, because the district court sat as a "little Claims Court" pursuant to 28 U.S.C. § 1346(a)(2) (1982), and thus has the same limitations upon its jurisdiction in this case as does the Claims Court. *Sherwood*, 312 U.S. at 591, 61 S.Ct. at 772; *Richardson v. Morris*, 409 U.S.

8. We note that, unlike the attorney's fee provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(K) (1982), there is no provision in the FLSA stating that the government should be treated like private parties. Section 2000e–5(K) (*emphasis added*) *provides:*

[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee as part of the costs, *and the Commission and the United States shall be liable for costs the same as a private person.*

*See also Shaw v. Library of Congress*, 747 F.2d 1469, 1475 (D.C.Cir.1984), *cert. granted,* —— U.S. ——, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985), where the court held that the United States waived immunity from liability for interest on an award of attorney fees under Title VII.

9. Appellees' failure to cite specific legislative history in support of their argument is a telltale indication of lack of congressional intent to allow post-judgment interest.

10. In *Nibali*, 634 F.2d at 497, the Court of Claims rejected plaintiff's argument that "nega-

tive inferences" provided support for the claim that attorney fees could be awarded in a civilian pay case pending before that court on the effective date of the Civil Service Reform Act of 1978.

11. 28 U.S.C. § 1961(a) provides:

Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

464, 465–66, 93 S.Ct. 629, 630–31, 34 L.Ed.2d 647 (1973).[12]

For these reasons, we reverse the order and final judgment of the district court insofar as it granted post-judgment interest. The appellants' motion for remand is denied.

*Reversed.*

---

**12.** Subsection (c)(3) of 28 U.S.C. § 1961 is specifically addressed to judgments of the Claims Court. It states that "[i]nterest shall be allowed, computed, and paid on judgments of the United States Claims Court only as provided in paragraph (1) of this subsection [concerning internal revenue tax cases] or in any other provision of law." This is not an internal revenue tax case, and there are no other provisions of law that are applicable.

Section 1304(b)(1)(B) of title 31 (1982) states that interest may be paid on a judgment of the

United States Claims Court as provided for by section 2516(b) of title 28. Section 2516(b) is only applicable, however, to "judgment[s] against the United States affirmed by the Supreme Court after review on petition of the United States." It is clearly not applicable to this case.