Marilyn A. BOBULA, Plaintiff–
Appellant,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Defendant–Appellee.

No. 91–1426.

United States Court of Appeals,
Federal Circuit.

July 14, 1992.

Barbara Kaye Besser, Elfvin & Besser, Cleveland, Ohio, argued, for plaintiff-appel-

lant. With her on the brief was Bruce B. Elfvin.

Susan K. Rudy, Atty., Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen. and Barbara C. Biddle, Atty.

Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.

MICHEL, Circuit Judge.

Marilyn A. Bobula appeals the June 10, 1991 order of the United States District Court for the Northern District of Ohio, dismissing her complaint for lack of subject matter jurisdiction. *Bobula v. United States Dep't of Justice,* Case No. 1:91 CV 0724, 1991 WL 353882 (N.D.Ohio June 10, 1991). In her complaint, Bobula alleged that the United States Department of Justice (DOJ) breached the settlement agreement resolving her personnel grievances. In the settlement agreement, the DOJ promised to transfer Bobula from her position with the Antitrust Division's Cleveland, Ohio, office of the DOJ to the United States Attorney's Office in Cleveland, Ohio. Nearly five years after this reassignment was effectuated, the DOJ transferred Bobula from the United States Attorney's Office for the Northern District of Ohio in Cleveland to its satellite office in Akron, Ohio, pursuant to 28 U.S.C. § 545 (1988). The later transfer forms the basis of the alleged breach. On appeal, Bobula seeks, *inter alia,* compensation for the added expense of commuting to Akron.

Because Bobula's claim did not seek money damages in the district court, but only injunctive and declaratory relief, and because Bobula did not establish that she had a contract enforceable under the Little Tucker Act, the district court did not have subject matter jurisdiction under 28 U.S.C. § 1346(a)(2) (1988). Additionally, because the requirements for mandamus jurisdiction are not satisfied, the district court did not have subject matter jurisdiction under the mandamus statute, 28 U.S.C. § 1361 (1988). As no other independent basis of subject matter jurisdiction was asserted,[1] Bobula has failed to carry her burden to prove jurisdiction. Therefore, we affirm.

## BACKGROUND

Bobula began working in the Antitrust Division in Cleveland, Ohio, in 1979. The district court found that during the course of her employment Bobula filed several grievances in the DOJ's internal administrative grievance system.[2] *Bobula,* slip op. at 3. Substantially all of those grievances were resolved in a settlement agreement between Bobula and the DOJ on August 30, 1986. The settlement agreement provides:

> The Department will transfer Ms. Bobula and a "slot" to the United States Attorney's Office, in Cleveland, Ohio, on October 1, 1986, without loss of any rights, privileges, or interests to which she presently is entitled....

Pursuant to the settlement agreement, Bobula was transferred to the Criminal Division of the United States Attorney's office in Cleveland, Ohio, effective October 1, 1986. Bobula remained in Cleveland until her reassignment, pursuant to 28 U.S.C. § 545 (1988),[3] to the Criminal Division of the United States Attorney's office in Akron, Ohio, on May 5, 1991. On April 19,

---

1. With respect to her theory of jurisdiction under § 1331 (federal question), Bobula does no more than allege jurisdiction under §§ 1331 and 1361 together. We note that § 1361, if properly invoked, may provide jurisdiction in and of itself. In this case § 1331 is superfluous and irrelevant. Therefore, we need not address this assertion further.

2. The DOJ's grievance procedure is mandated by regulations promulgated by the Office of Personnel Management at 5 C.F.R. pt. 771 (1992).

3. Section 545 of Title 28 of the U.S.C. provides, in pertinent part:

> (b) The Attorney General may determine the official stations of United States attorneys and assistant United States attorneys within the districts for which they are appointed.

28 U.S.C. § 545.

Cleveland and Akron are both within the Northern District of Ohio. 28 U.S.C. § 115 (1988).

1991,[4] Bobula filed this action in the United States District Court for the Northern District of Ohio. The complaint sought injunctive and declaratory relief for breach of contract, and costs and attorney fees. Bobula asserted that the district court had jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1346(a)(2) (Little Tucker Act), and 1361 (mandamus) (1988). The district court, relying on the Civil Service Reform Act (CSRA) and *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), dismissed Bobula's complaint for lack of subject matter jurisdiction on the ground that Bobula's claim is in essence a personnel claim.

## DISCUSSION

The CSRA was intended to be a comprehensive and exclusive legislative scheme to govern federal personnel matters. *Fausto*, 484 U.S. at 443, 108 S.Ct. at 671; *Lindahl v. OPM*, 470 U.S. 768, 773, 105 S.Ct. 1620, 1624, 84 L.Ed.2d 674 (1985). As such, the only avenues for relief in personnel matters covered by the CSRA are those provided for in the CSRA. *Fausto*, 484 U.S. at 454, 108 S.Ct. at 677 ("[U]nder the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an 'appropriate authority' to review an agency's personnel determination."). The CSRA, however, cannot be read to repeal other statutes unless it does so explicitly. *See id.* at 453, 108 S.Ct. at 676. Therefore, if another statute independently and specifically provides an avenue of relief in a case that would otherwise be governed exclusively by the CSRA, that statute must be given effect if the CSRA did not explicitly repeal it.

Because of the comprehensive nature of the CSRA, however, that rule does not extend to statutes which have been merely judicially interpreted as providing another avenue of relief or which by mere implication provide another avenue of relief. *Id.* at 453, 108 S.Ct. at 676 (stating

that an implication of a preexisting statute may be repealed by the implication of a subsequent statute). Therefore, the CSRA can repeal by implication judicial interpretations or implications of preexisting statutes. *See id.* (finding no independent Tucker Act jurisdiction because the CSRA repealed by implication only the implication or judicial interpretation of the Back Pay Act, which could have otherwise served as a basis of Tucker Act jurisdiction).

Although the settlement agreement that serves as the basis of Bobula's claims arose from personnel grievances that are within the ambit of the CSRA, Bobula alleges that both the Little Tucker Act and the mandamus statute specifically and explicitly provide other avenues of relief not provided for in the CSRA. Additionally, our review of the CSRA and its legislative history does not reveal an explicit repeal of the text of either the Little Tucker Act or the mandamus statute in whole or in part. However, on the facts of this case, neither the Little Tucker Act nor the mandamus statute provides an avenue of relief.

Neither the Little Tucker Act nor the mandamus statute explicitly provides for review of an underlying personnel action. To the extent that the courts prior to the CSRA have interpreted the Little Tucker Act (or the Tucker Act) or the mandamus statute as providing for review of an underlying federal personnel action, such judicial interpretations must give way to the congressional intent "to replace the haphazard arrangements for administrative and judicial review of personnel action" with the CSRA. Therefore, to the extent that Bobula seeks review of the underlying personnel action, her position is entirely without merit.

Bobula, in essence, seeks review of her reassignment from Cleveland to Akron. She wants to have this personnel action declared invalid under a theory that her settlement agreement removed the U.S. Attorney's statutory power to reassign her within the Northern District of Ohio. She

---

**4.** Bobula was notified February 22, 1991, that she would be reassigned, and on April 15, 1991,

she was informed that her reassignment would be effective on May 5, 1991.

wants either the district court or this court to order the U.S. Attorney for the Northern District of Ohio to return her to Cleveland.

However, Bobula may not obtain relief under the Little Tucker Act because any relief would require review of the underlying personnel action (reassignment to Akron). Whether or not the settlement agreement by its terms prevents the U.S. Attorney from reassigning Bobula, the fact remains that the act of reassigning Bobula is a personnel action. For Bobula to obtain relief, we must review the underlying personnel action. However, neither this court nor the district court has jurisdiction under the Little Tucker Act to review the underlying personnel action. *See Fausto,* 484 U.S. at 453, 108 S.Ct. at 676 (*"All that we find to have been 'repealed' by the CSRA is* the judicial interpretation of the Back Pay Act—or, if you will, the Back Pay Act's implication—allowing *review* in the Court of Claims *of the underlying personnel decision* giving rise to the claim for backpay." (emphasis added)). Additionally, as set out below, Bobula failed to show the elements required for Little Tucker Act jurisdiction.

Bobula bore the burden of establishing district court jurisdiction. *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir. 1991) ("A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists."). With respect to jurisdiction under both §§ 1346(a)(2) and 1361, Bobula failed to bear that burden.

## I. Jurisdiction Under 28 U.S.C. § 1346(a)(2) (Little Tucker Act)

To establish jurisdiction under the Little Tucker Act,[5] Bobula had to show that she had a contract with the United States enforceable under the statute and that she had a money claim arising therefrom. 28 U.S.C. § 1346(a)(2); *Lee v. Thornton,* 420

U.S. 139, 140, 95 S.Ct. 853, 854, 43 L.Ed.2d 85 (1975). Bobula has failed to do both.

### A. *A Contract*

■ The settlement agreement, which Bobula claims satisfies the contractual element for establishing Little Tucker Act jurisdiction, settles personnel matters arising out of the DOJ's internal grievance procedure. The grievance procedure was mandated by regulations promulgated by OPM as a part of the CSRA's "integrated scheme of administrative and judicial review." *Fausto,* 484 U.S. at 445, 108 S.Ct. at 672. *See* S.Rep. No. 969, 95th Cong., 2d Sess. 24 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2746 (indicating that "the Office [of Personnel Management] will retain overall responsibility for management of the civil service system"); 5 C.F.R. pt. 771 (setting forth regulations within which covered agencies shall establish an administrative grievance system). Since the CSRA is an integrated scheme, and since the settlement agreement arose from this integrated scheme, the settlement agreement must be enforced within the procedures provided for in the CSRA or not at all. Therefore, the settlement agreement may not be enforced as a contract outside the CSRA in any forum, including the district court under the Little Tucker Act.

### B. *A Money Claim*

Bobula also failed to meet her burden of proving jurisdiction because she failed to assert a right to payment of money and to request monetary relief at the trial level. The courts have construed Little Tucker Act jurisdiction as limited to actions for monetary, as opposed to injunctive or declaratory, relief. *Lee,* 420 U.S. at 140, 95 S.Ct. at 853–54; *Werner v. United States Dep't of Interior, Fish & Wildlife Serv.,* 581 F.2d 168, 171 (8th Cir.1978) ("Under the Tucker Act, the jurisdiction of a district court has long been construed as limited to actions for money judgments and not to

---

**5.** Section 1346(a) of Title 28 provides:
The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of ... (2) [any] civil action or claim

against the United States, not exceeding $10,-000 in amount, founded ... upon any express or implied contract with the United States.... 28 U.S.C. § 1346(a)(2).

include suits for equitable relief."); *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.) ("The Tucker Act is therefore no longer in question because that Act only applies to suits for money damages."), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980).

█ While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be incidental to and collateral to a claim for money damages. 28 U.S.C. § 1491(a)(2) (1988) (conferring limited equitable powers on the Claims Court if they are necessary for complete relief and if they are "incidental of and collateral to" the judgment); *Simanonok v. Simanonok*, 918 F.2d 947, 952 (Fed.Cir. 1990) ("[I]njunctive claims ... are not cognizable in a Little Tucker Act or Tucker Act case, absent a concurrent colorable claim for monetary recovery."); S.Rep. No. 1066, 92d Cong., 2d Sess. 1 (1972), *reprinted in* 1972 U.S.C.C.A.N. 3116, 3117 (indicating that the grant of limited equitable powers to the Claims Court, then the Court of Claims, "does not extend the class of cases over which the [Claims Court] has jurisdiction"). *See also Richardson v. Morris*, 409 U.S. 464, 465–66, 93 S.Ct. 629, 630–31, 34 L.Ed.2d 647 (1973) (indicating that the Little Tucker Act gave to the district courts the powers and limitations of the Claims Court for suits less than $10,000).

█ With the exception of a claim for costs and attorney fees, Bobula requested only equitable relief in the district court.[6] In fact, for purposes of establishing mandamus jurisdiction, Bobula alleged that money damages would not be adequate and they could not be calculated in any event.[7] On appeal, however, Bobula requests monetary relief for breach of contract. A party may not, on appeal, assert as the basis of the trial forum's jurisdiction a claim for relief not asserted in the trial forum. Since Bobula did not request monetary relief in the trial forum, we may not address her request here. In addition, the issue here is not whether this court has jurisdiction, but whether the district court did. Without a claim for monetary damages, there was no basis for district court jurisdiction pursuant to § 1346(a)(2). We find that Bobula failed to assert a right to money and request monetary relief in the district court and conclude that she thereby failed to invoke Little Tucker Act jurisdiction.

## II. Jurisdiction under 28 U.S.C. § 1361 (Mandamus)

In *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984), the Supreme Court stated that 28 U.S.C. § 1361,[8] "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the

---

**6.** Bobula's "Prayer For Relief" in her complaint filed in the district court requests:

25. WHEREFORE, Plaintiff prays that this Honorable Court

A. Declare the contract of August 30, 1986 to be in full force and effect;

B. Declare Defendants to have breached said contract by reassigning Plaintiff to an office other than in Cleveland, Ohio;

C. Enjoin and prohibit Defendants, including their agents and employees, from reassigning Plaintiff, from taking any actions which adversely affect Plaintiff's employment opportunities or reputation, or otherwise breaching the August 30, 1986 contract;

D. Order Defendants, including their agents and employees, to honor and specifically perform under the contract of August 30, 1986;

E. Award Plaintiff the costs of this action, including reasonable attorney fees pursuant to Title 28 U.S.C. Section 2412; and

F. Award such other and further relief as is just and proper, and/or necessary to vindicate and protect Plaintiff's rights.

Section "F" of Bobula's "Prayer for Relief" is not sufficient, without more, to satisfy her burden of establishing a money claim. As properly construed, it refers to additional equitable relief. Even if intended to refer to monetary relief, it is facially defective for vagueness.

**7.** In Plaintiff's Unsworn Declaration filed in the trial court, Bobula stated, "I have no traditional monetary remedy...." On appeal, Plaintiff–Appellant also states that, "[i]t is axiomatic ... that Ms. Bobula has no adequate remedy at law."

**8.** Section 1361 of Title 28 provides:

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

defendant owes him a clear nondiscretionary duty." *Accord Maier v. Orr,* 754 F.2d 973, 983 (Fed.Cir.1985) ("Before a writ [of mandamus] may properly issue, three elements must exist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available.").

For § 1361 to serve as a basis for jurisdiction, the suit must be a suit against the defendant personally and not his office. *United States v. Boutwell,* 84 U.S. (17 Wall.) 604, 607, 21 L.Ed. 721 (1873). When a suit against an officer of the United States government seeks to compel the officer in his official capacity to perform a contractual duty not otherwise required by the Constitution, a statute, or a regulation, it is a suit against the office. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 695, 69 S.Ct. 1457, 1464, 93 L.Ed. 1628 (1949) ("We hold that if the actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign...."). Such a suit, in essence, is a suit against the United States government for specific performance of a contract. Therefore, a contractual duty alone cannot serve as the basis of the nondiscretionary duty necessary to invoke jurisdiction under § 1361.

In *Larson,* the Supreme Court addressed the problem of determining whether a suit against an officer was in effect a suit against the government. The Court stated:

The question becomes difficult and the area of controversy is entered when the suit is not one for damages but for specific relief: *i.e.,* the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions. In each such case the question is directly posed as to whether, by obtaining relief against the officer, relief will not, in effect, be obtained against the sovereign. For the sovereign can act only through agents and, when an agent's actions are restrained, the sovereign itself may, through him, be restrained.... In each

such case the compulsion, which the court is asked to impose, may be compulsion against the sovereign, although nominally directed against the individual officer. If it is, then the suit is barred, not because it is a suit against an officer of the Government, but because it is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction.

*Id.* at 687–88, 69 S.Ct. at 1460–61.

As the court in *Larson* stated, a suit for specific performance against the sovereign requires the specific consent of the sovereign. As mentioned above, a suit under § 1361 is a suit against an officer personally, not the sovereign, and, therefore, it cannot be read as a waiver of sovereign immunity. *See Coggeshall Dev. Corp. v. Diamond,* 884 F.2d 1, 3 (1st Cir.1989) ("The provisions of 28 U.S.C. § 1361 creating the federal mandamus action do not constitute a waiver of sovereign immunity by the United States."). Therefore, 28 U.S.C. § 1361 cannot provide jurisdiction where the duty alleged is merely a contractual duty unsupported by the Constitution, a statute, or a regulation. *See White v. Administrator of Gen. Servs. Admin.,* 343 F.2d 444, 447 (9th Cir.1965) ("To find in § 1361 such a revolutionary step on the part of Congress as the overturning of what had been settled law since the foundation of the Government, i.e., that the courts do not have jurisdiction to order the Government to specifically perform its contracts, would be to make too much of a short and simple piece of legislation.").

Bobula alleges that her settlement agreement with the Department of Justice created a nondiscretionary duty on the part of the defendants to not assign Bobula "to any U.S. Attorney's office other than Cleveland, Ohio." On the basis of this settlement agreement, Bobula seeks to restrain the Attorney General from exercising his statutory authority to reassign Bobula under 28 U.S.C. § 545. Bobula admits that the relief she requests would restrain the Attorney General from exercising that

statutory power.[9] Section 545 of Title 28 represents an expression of the will of the sovereign to manage its affairs in a particular way. Hence, in seeking to restrain the agents of the sovereign from exercising their statutory authority to reassign Bobula, Bobula is seeking to restrain the sovereign from exercising its will as expressed in § 545. Because Bobula's theory of jurisdiction amounts to a suit for specific performance against the United States, we hold that the district court lacked subject matter jurisdiction under 28 U.S.C. § 1361.

## III. Frivolity

With respect to both Little Tucker Act and mandamus jurisdiction, Bobula failed to even allege that each of the critical elements for that type of jurisdiction have been met. For example, Bobula's theory of jurisdiction under the Little Tucker Act was facially deficient for her complaint's failure to request monetary relief in light of the clear authority requiring a money claim. *See, e.g., Lee*, 420 U.S. at 140, 95 S.Ct. at 853–54. A request for monetary relief or at least a claim to monetary injury is necessary for Little Tucker Act jurisdiction. The record does not show that Bobula made such a request or claim; nor does Bobula even argue that she did so at the trial level. Therefore, Bobula's appeal that the district court erred in dismissing her case for lack of Little Tucker Act jurisdiction borders on being frivolous as filed because in her appeal she failed to show that a money claim was raised in the trial forum.[10] Such a showing is a prerequisite to any argument for reversal. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579 (Fed.Cir.1991).

Likewise, with regard to her theory of mandamus jurisdiction, Bobula failed to even allege in the district court a necessary element, i.e., that she has exhausted all other avenues of relief. *See Heckler*, 466 U.S. at 616, 104 S.Ct. at 2022; *Maier*, 754 F.2d at 983. Specifically, Bobula has not shown that she could not return to the

grievance procedure from which the settlement agreement arose to seek enforcement of the agreement. At oral argument, counsel for Bobula admitted that relief might be had in the grievance procedure but argued that Bobula should not be "required to make an election of remedies and choose between co-existing forums." The district court may not exercise mandamus jurisdiction over the action if there are other avenues of relief available to plaintiff. *Heckler*, 466 U.S. at 616, 104 S.Ct. at 2022. Because there are other avenues of relief available to Bobula, Bobula did not meet her burden of establishing jurisdiction under 28 U.S.C. § 1361. Because she admits other avenues of relief are available, her appeal from denial of mandamus jurisdiction borders on being frivolous as filed.

Furthermore, even if Bobula could show that the requirements for § 1361 jurisdiction are present, Bobula would have to show that the district court abused its discretion in refusing to exercise its jurisdiction in this case. The decision whether to exercise jurisdiction under § 1361, even where the elements are clearly established, is within the sound discretion of the trial court. *Kerr v. United States Dist. Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976), ("[I]t is important to remember that issuance of the writ [of mandamus] is in large part a matter of discretion with the court to which the petition is addressed."); *Schlagenhauf v. Holder*, 379 U.S. 104, 112 n. 8, 85 S.Ct. 234, 239, n. 8, 13 L.Ed.2d 152 (1964) ("The issuance of this extraordinary writ is itself generally a matter of discretion."); *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943) ("The common law writs, like equitable remedies, may be granted or withheld in the sound discretion of the court."). As such, review of a district court's discretionary decision not to exercise jurisdiction under § 1361, even assuming that it had any, must be reviewed under the abuse of dis-

---

**9.** In her brief, Bobula states that "[t]he contract removed from the U.S. Attorney the discretion she might otherwise enjoy in assigning Ms. Bobula to another duty station."

**10.** The fact that Bobula later asked for monetary relief on appeal is not relevant.

cretion standard. Bobula does not even allege that the district court abused its discretion, but merely that the district court committed legal error. Bobula maintains that the district court erred primarily on the basis that she satisfied the requirements of mandamus jurisdiction and that the district court did not consider Bobula's arguments for mandamus jurisdiction. As shown above, Bobula has not even arguably satisfied the requirements of mandamus jurisdiction, and the record reveals that the district court did consider Bobula's arguments for mandamus jurisdiction.

■ Additionally, even under Bobula's own theory of jurisdiction under the mandamus act, to establish jurisdiction she would have to show that the defendants breached a contractual duty owed to her. There is, however, no such breach because there is not even arguably such a contractual duty. The 1986 settlement agreement states that the defendants "will transfer Ms. Bobula and a 'slot' to the United States Attorney's Office, in Cleveland, Ohio, on October 1, 1986. . . ." This language creates a duty to so transfer Ms. Bobula. The defendants have satisfied this duty. It does not promise to keep her in the Cleveland office forever. Even if a good faith requirement could be imposed that the defendants keep Bobula in Cleveland for some period of time, the four years that she has been in Cleveland would satisfy any such requirement.

Despite these clear deficiencies in Bobula's allegations relating to jurisdiction, we conclude that her appeal is not frivolous. We do so partly because prior to this decision there was no holding squarely precluding appellant's precise arguments regarding Little Tucker Act and mandamus jurisdiction. In particular, no prior case law cited to us directly foreclosed the argument that review of enforcement of a settlement agreement to an underlying personnel action may be had under the Little Tucker Act or the mandamus statute when suit is based on a contract which settles a personnel matter pending in an agency's internal grievance procedure.

## CONCLUSION

The district court did not have jurisdiction under 28 U.S.C. § 1346(a)(2) because Bobula did not make a claim for money damages and because there was no contract enforceable under the Little Tucker Act. The district court does not have jurisdiction under 28 U.S.C. § 1361 either. Therefore, the district court's dismissal for lack of subject matter jurisdiction is

AFFIRMED.

PAULINE NEWMAN, Circuit Judge, concurring in the result.

I join the portion of the majority opinion which holds that Ms. Bobula's remedy must be found, if at all, within the Civil Service Reform Act, or perhaps within the Justice Department's internal grievance procedures, and that direct judicial enforcement of her settlement agreement is not available.

However, this question was of first impression. In my view, the answer to the jurisdictional question was not of such clarity that it "borders on the frivolous" to have followed the path she chose in invoking Tucker Act, mandamus, and/or federal question jurisdiction in the district court. The government stated at oral argument that it did not know whether Ms. Bobula had any administrative remedy. A litigant does not risk sanctionable behavior in seeking the aid of the courts, particularly on a question of first impression. Indeed, I do not readily accept the possibility that no remedy may be available to a person whose settlement agreement with her employer has been breached, when the employer is the United States.

The jurisdictional boundaries are not bright, and Ms. Bobula's plea for judicial intervention was not so farfetched as to approach frivolousness. There is no allegation that her attempt to bring this federal contract to federal court derived from bad faith, misrepresentation, or false pleading. Thus I do not join the portion of the court's opinion headed "Frivolity".