**320**

Mary F. SHEEHAN, Legal
Representative, Petitioner,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 89–21V.

United States Claims Court.

Jan. 10, 1990.

---

Herbert Rosenthal, Washington, D.C.,
for petitioner.

Gemma Flamberg, with whom was
Stuart M. Gerson, Asst. Atty. Gen., for
respondent.

1. This order may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12 (1987). Accordingly, within fourteen (14) days of the date of this order, the parties shall designate any material subject to section 300aa–12 and such designated material will be deleted for public access. If on review of this order there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to section 300aa–12.

ORDER[1]

MOODY R. TIDWELL, III, Judge.

Under the National Childhood Vaccine Compensation Program, 42 U.S.C. §§ 300aa–1 to 300aa–33 (Supp. V.1987), this matter comes before the court on the basis of the November 20, 1989 Report And Recommendation of Special Master Denis J. Hauptly.

On December 11, 1989, the Department of Justice, after making no appearance at the hearing before the special master in accordance with its own ill-designed concept of representation for the United States, entered an appearance to file an objection asserting that the special master erred in awarding $23,700.35 to cover lost wages and pain and suffering in addition to the statutory death award of $250,000. Petitioner responded to that objection on December 21, 1989. Thereafter, respondent filed a reply.

After reviewing the Special Master's Report and Recommendation, the parties' submissions, and relevant case and statutory authority, and pursuant to 42 U.S.C. § 300aa–12(d)(1), the court hereby adopts the Special Master's Report And Recommendation and attaches it hereto as if fully reproduced in this order, including the recommended findings and conclusions of law, except that the court denies petitioner the recommended $23,700.35 for lost wages and pain and suffering.

This holding is governed by binding precedent which mandates a strict interpretation in favor of the United States of any statutory waiver of sovereign immunity. *See, e.g., Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *Zumerling v. Marsh,* 783 F.2d 1032, 1034 (Fed.Cir.1986). Moreover, the statutory scheme for the national vaccine injury compensation program, as well as the legislative history, compels the court to limit petitioner's award to death

benefits and attorneys fees. The statutory scheme consistently draws a distinction between vaccine-related injury and vaccine related death. Sections which apply to both injuries or deaths specifically refer to "injuries or death." *See, e.g.,* 42 U.S.C. §§ 300aa–11 & 300aa–15(a) (emphasis added). Likewise, sections which apply to either an injury or a death clearly distinguish between the two. *See, e.g.,* 42 U.S.C. § 300aa–15(a)(2). Accordingly, it is evident in reading the statutory scheme as a whole that vaccine-related injuries are to be compensated differently than vaccine-related deaths. Because compensation for vaccine-related deaths are explicitly limited by the plain language of section 300aa–15(a)(2) to $250,000, plus reasonable attorneys' fees and other costs as provided in section 300aa–15(e), this court will not now reach beyond that clear statutory mandate to award additional compensation for lost wages or pain and suffering in the present action.[2]

This interpretation is consistent with legislative intent. A House Report on this issue states that "allowable death benefits for a vaccine-related death are set at a level of $250,000." H.R.REP. No. 99–908, 99th Cong., 2d Sess., *reprinted in* U.S. CODE CONG. & ADMIN.NEWS 6287, 6344, 6362 (1986); *see also* H.R.REP. No. 100–391(I), 100th Cong., 1st Sess., *reprinted in* U.S. CODE CONG. & ADMIN.NEWS 2313–1, 2313–2661 (1987) ("compensation in the case of a vaccine-related death is set in law at $250,-000."). In addition, in articulating the difference between an award for pain and

suffering and an award for a vaccine-related death, legislators stated that "as contrasted with the fixed death benefit, the award for pain and suffering is to be set at the discretion of the Master and of the Court." H.R.REP. No. 99–908, 99th Cong., 2d Sess., *reprinted in* U.S.CODE CONG. & ADMIN.NEWS 6344, 6362 (1986). From these statements, as well as the plain language of the statute, the court finds it abundantly clear that Congress intended to distinguish between deaths and injuries by limiting the waiver of sovereign immunity for a vaccine-related death to an award of $250,000 plus reasonable attorneys' fees and costs. Therefore, in the present action, the special master had no statutory authority to increase the $250,000 death award by adding supplementary compensation for lost wages or pain and suffering.

As a side issue, petitioner's counsel has submitted an application for an award of additional attorney's fees incurred in responding to respondent's objection to the Special Master's Report and Recommendation. In respondent's reply, filed subsequent to counsel's attorneys' fees filing, respondent did not object to these additional fees nor assert that they were unreasonable in any manner. Upon scrutiny by the court, the court finds the additional fees to be reasonable in light of the circumstances of this case. Therefore, the special master's award of attorney's fees should be increased by $740.05 as requested.

Accordingly, the Clerk of the court is directed to enter judgment granting peti-

---

**2.** This holding is further supported by the plain language of subsections (3)(A) and (4) of section 300aa–15(a). Subsection (3)(A) allows:

In the case of any person who has sustained a vaccine-related injury after attaining the age of 18 and whose earning capacity is or has been *impaired by reason of such person's* vaccine-related injury for which compensation is to be awarded, compensation for actual and anticipated loss of earnings determined in accordance with generally recognized actuarial principles and projections.

The obvious use of the present tense verbs in this section, *i.e.,* the verbs "is" and "has been," implies that the recipient of the vaccine is still alive. Accordingly, if the recipient of the vaccine is not living, this section would not apply and no award for loss of earnings would be

available. Likewise, an award for pain and suffering is limited by subsection (4). Subsection (4) allows: "For actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000." The plain language of this subsection limits an award for pain and suffering and emotional distress only to *injury cases* and does not allow an award for pain and suffering and emotional distress for *death cases*. Moreover, when subsections (3) and (4) are read in conjunction with the other subsections of section 300aa–15(a), the only plausible interpretation of the statutory scheme limits an award for vaccine-related deaths to $250,000; additional awards for loss of earnings or pain, suffering, and emotional distress would not be justified under the plain language of the statute.

tioners compensation in a total amount of $257,039.70 which represents an award of:

1) $250,000.00 for the vaccine-related death;

2) $6,769.30 for reasonable attorneys' fees and 3) $270.40 for costs.

IT IS SO ORDERED.

### AMENDED REPORT AND RECOMMENDATION OF JUDGMENT [1]

November 20, 1989

DENIS J. HAUPTLY, Special Master:

On November 16, 1976, the daughter of the deceased Daniel Sheehan received an oral polio vaccine in Tucson, Arizona. Daniel Sheehan had not been immunized against polio and sometime within the next 45 days developed symptoms which were shown to be the result of a polio infection. In September of 1977, Mr. Sheehan died as a result of that illness.

On September 26, 1989, the respondent, through counsel, conceded that the illness and death of Daniel Sheehan was "a vaccine associated community disease." That is, he conceded that the injury and death were on the Vaccine Injury Table. 42 U.S.C. § 300aa–14(a) (III.A.). This concession is amply supported by the evidence of record which shows that Mr. Sheehan contracted polio shortly after his daughter's receipt of the vaccine.[2] In addition, though not required, the Center for Disease Control concluded that Mr. Sheehan's polio virus was "vaccine-like." *See* Report of Laboratory Investigation attached to petition. There is no indication in the record of any other possible source of polio infection.

In addition to eligibility for compensation under the Vaccine Injury Table, the petitioner, as legal representative, has submitted an affidavit stating that there has been no prior recovery and there are no civil actions now pending. Thus all legal requirements for compensation have been met. 42 U.S.C. § 300aa–13.

As in all other death cases thus far decided, I recommend that the compensation be set at the statutory figure of $250,000. 42 U.S.C. § 300aa–15(a)(2).

Counsel has requested attorneys' fees at the rate of $6,029.25.[3] The hourly rates requested range from $175 to $85 per hour. Paralegal compensation requests are for $35 per hour. All told, the hours expended in this matter total 59.55. I find that both the rates and hours are reasonable. In addition, costs of $270.40 are claimed including $60 for the filing fee. Again, the costs are modest and I recommend they be included.

The costs and fees total $6,229.65. This sum as well as lost wages and pain and suffering are limited in pre-Act cases, such as this one, to $30,000. 42 U.S.C. § 300aa–15(b). Lost wages are calculated at the average private, non-farm wage less taxes and health insurance. 42 U.S.C. § 300aa–15(a)(3)(B). Mr. Sheehan was 37 when he died and can reasonably be assumed to have at least twenty more years work ahead of him. The average weekly private, non-agricultural wage exceeds $300. *See* U.S. Department of Labor, Employment and Earnings, Table C–2 (July 1989). Thus, Mr. Sheehan's prospective earnings under this criterion would have exceeded $30,000 many times over. In addition, he spent several months paralyzed in the hospital and suffered two cardiac arrests. Even a narrow view of pain and suffering would suggest compensation in excess of $30,000. Deducting the $6,229.65

1. This report may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12 (1987). Accordingly, within fourteen (14) days of the date of filing this report, the parties shall designate any material subject to § 300aa–12 and such designated material will be deleted for public access. If on review of this report, there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to § 300aa–12.

2. No time limit is imposed by the Vaccine Injury Table in cases such as this where a third-party contracts polio from another immunized person.

3. Petitioner has employed a number of attorneys in this matter. Fee requests submitted by counsel who have not entered an appearance in this matter were not addressed in the original report. This amended recommendation is submitted solely to address this matter.

for fees and costs from the $30,000 limitation, an award of $23,700.35 is permissible under the Act and I recommend that such an award be allowed.

### PROPOSED FINDINGS

1. That Daniel Sheehan contracted polio from his daughter who was infectious as a result of the receipt in the United States of a polio vaccine that was not an Inactivated Polio Vaccine and was a vaccine listed on the Vaccine Injury Table.

2. That Daniel Sheehan died as a result of his polio infection.

3. That there is no evidence to support an alternative causation for Daniel Sheehan's illness.

4. That Mary F. Sheehan as the widow and legal representative of Daniel Sheehan is entitled to recover compensation for that death in the amount of $250,000.

5. That reasonable attorneys' fees in the amount of $6,029.25 should be awarded as well as costs in the amount of $270.40.

6. That an award of $23,700.35 is appropriate for lost wages and pain and suffering.

7. That a judgment in the amount of $280,000 should be entered.