**Richard P. COOK, et al. and Copar Pumice Company, Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 08–337L.**

United States Court of Federal Claims.

Feb. 23, 2009.

Joseph Edward Manges, Santa Fe, NM, for plaintiffs.

Matthew H. Solomson, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom was Gregory G. Katsas, Assistant Attorney General, Director Jeanne E. Davidson, Assistant Director Mark A. Melnick, and Patricia Leigh Disert, Office of General Counsel, Department of Agriculture, Albuquerque, NM, for defendant.

## OPINION

BRUGGINK, Judge.

This is an action brought by individual plaintiffs and Copar Pumice Co., to enforce a 2002 settlement agreement which resolved a previous complaint that asserted a Fifth Amendment taking of their mining claims. As a result of the agreement, the United States paid plaintiffs approximately $4 million and agreed that plaintiffs could retain certain of their unpatented mining claims. Plaintiffs now allege that the government has breached the agreement by challenging their right to exploit their remaining unpatented claims.

The case is currently before the court on defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Defendant argues that this court lacks jurisdiction because plaintiffs' claim seeks primarily equitable relief. In the alternative, it argues that what the complaint alleges would not constitute a violation of the settlement agreement, and that plaintiff's complaint is barred, in any event, by principles of *res judicata*.

The matter is fully briefed, and oral argument was held on December 2, 2008. Because we have subject matter jurisdiction, we deny the motion brought pursuant to RCFC 12(b)(1). For the reasons which follow, however, the action must be dismissed because it fails to state a claim upon which relief can be granted.

## BACKGROUND

The detailed history and procedural background of this case are set out in *Cook v. United States*, 42 Fed.Cl. 788 (1999); thus, a more abbreviated history is called for here. In the 1980s, plaintiffs staked claims to twenty three contiguous pumice mining claims in Sandoval County, New Mexico. These were known as the "Brown Placer claims." In 1988, plaintiffs applied for a mining patent to the Bureau of Land Management of the Department of the Interior ("BLM"). While BLM was evaluating the Brown Placer claims, Congress passed the Jemez National Recreation Act, 16 U.S.C. § 460jjj *et seq.* (2006) ("JNRAA"). The legislation had the effect of prohibiting patents from being issued after 1991 for mining claims located in the Jemez National Recreation Area in Sandoval County, New Mexico. The Brown Placer mining claims were within that area and thus could not be patented.

Plaintiffs brought suit here in 1994, seeking compensation for loss of their property rights pursuant to the Fifth Amendment takings clause. In our earlier opinion on plaintiffs' motion for partial summary judgment, we held that the Brown Placer mining claims were valid claims, that a patent should have issued, and that the JNRAA constituted a taking of plaintiffs' property. *See Cook*, 42 Fed.Cl. at 792–95. As a result of our ruling, on April 4, 2002, plaintiffs and the government entered into a settlement agreement resolving the case. Under the settlement agreement, the government paid the plaintiffs nearly $4 million. In exchange, plain-

tiffs relinquished nineteen of their mining claims, but they were allowed to retain claims 9 through 12 as unpatented mining claims. Plaintiffs agreed that they would not dispose of common variety pumice.[1] The parties agreed to submit to the continuing jurisdiction of this court to enforce the settlement agreement.

Approximately a year and a half after the settlement agreement, in December 2003, the United States Forest Service issued a Notice of Noncompliance ("NON") against Copar Mining Company. The NON alleged a failure to provide verifiable evidence that pumice mined from claims 9 through 12 was sold and used by the stonewash laundry industry, pursuant to federal regulations defining locatable uncommon variety pumice.[2] After challenging it administratively, plaintiffs appealed the NON to the New Mexico federal district court in *Copar Pumice Co., v. Bosworth*, 502 F.Supp.2d 1200 (D.N.M.2007). They argued that the Forest Service's interpretation of the regulation was contrary to case law, inconsistent with the agency's regulations, and arbitrary and capricious. The court affirmed the NON, holding that there was substantial evidence supporting its issuance and that it was not arbitrary or capricious. *Id.* at 1219–1220.

This new action is based on the government's actions after the *Bosworth* decision. Plaintiffs now allege that the government, acting through the Forest Service, has breached the settlement agreement by filing an administrative complaint with BLM contesting the validity of claims 9 through 12. The Forest Service seeks to have the claims declared null and void because the pumice located within the claims is not a "valuable discovery of a valuable mineral deposit," Cmpl. in *United States v. Armstrong et al.*, No. NMNM 119839 (Feb. 5, 2008), within the meaning of 30 U.S.C. § 611(2000). The Forest Service has ordered that all mining operations on plaintiffs' claims cease and that

reclamation of the area should proceed. Further, the Forest Service has refused to extend plaintiffs' existing plans of operations and has not processed new plans.

Plaintiffs argue that the Forest Service's actions have violated paragraph three of the agreement, which stipulates that plaintiffs shall "retain Brown Placer Mining claims Nos. 9–12 as unpatented mining claims subject to all pertinent statutes and regulations.... Plaintiffs are prohibited from the disposal of the common variety pumice pursuant to 16 U.S.C. § 460jjj–2(b)." Pl.'s Ex. B at 2. Plaintiffs believe that this provision ensures their continued entitlement to the claims and the right to remove uncommon variety pumice. They also allege that the Forest Service's actions constitute a breach of the implied covenant of good faith and fair dealing inherent in every contract. Plaintiffs ask the court to enforce the settlement agreement by ordering the government to dismiss the administrative complaint filed with the BLM, to stop challenging the validity of the Brown Placer claims 9 through 12, and to process plaintiffs' plans of operations. They also seek an award of damages, costs, and attorneys' fees.

## DISCUSSION

### I.

■ This court possesses jurisdiction to hear claims founded upon contracts. *See* 28 U.S.C. § 1491(a)(1) (2000). A settlement agreement is a contract, *see Greco v. Dep't of the Army*, 852 F.2d 558, 560 (Fed.Cir.1988) ("It is axiomatic that a settlement agreement is a contract."), and, in this case, the court specifically retained jurisdiction to enforce the settlement agreement.

The government argues, however, that because plaintiffs' primary goal is to obtain equitable relief, we lack jurisdiction over the entire claim. The government relies principally[3] upon the Federal Circuit's decision in

---

1. Uncommon variety pumice is defined by its marketability to the stonewash laundry industry for use as an abrasive or laundry conditioner.

2. The Forest Service's interpretation of the regulation was that it is impermissible to remove

locatable, uncommon variety pumice and then sell it for common variety purposes.

3. The government also notes that we do not have the power to grant nonmonetary equitable relief, citing *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279 (Fed.Cir.1999)

*Bobula v. United States Dep't of Justice,* 970 F.2d 854 (Fed.Cir.1992), which explained that this court's equitable powers are limited and can only be exercised if necessary for complete relief and when "incidental of and collateral to" the judgment. *Id.* at 859.

Typically, the recovery for a successful breach of contract claim is money damages. *See N.Y. Life Ins. Co. v. United States,* 118 F.3d 1553, 1556 (Fed.Cir.1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998) (to invoke Court of Federal Claims jurisdiction, a plaintiff's "claim must ... be for money"). There is no Tucker Act requirement, however, that contracts include specific language to the effect that damages will be paid upon breach. *Stovall v. United States,* 71 Fed.Cl. 696, 700 (2006). Indeed, money damages are the default remedy for breach of contract. *San Juan City College v. United States,* 391 F.3d 1357, 1361 (Fed.Cir.2004).

In *Bobula,* the claimant asked solely for equitable relief, costs, and attorneys fees. 970 F.2d at 859. In this case, plaintiffs seek damages, as well as equitable relief. The motion to dismiss therefore could not be granted as to the entire complaint. We deny the motion to dismiss for lack of jurisdiction, therefore, and move to consideration of the motion to dismiss under RCFC12(b)(6).

## II.

We accept as true the complaint's factual allegations and construe them in a light most favorable to the plaintiff. *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991). The complaint alleges a violation of the settlement agreement, which gave plaintiffs the right to Brown Placer Mining Claims 9 through 12 as "unpatented mining claims subject to all pertinent statutes and regulations."

The Federal Circuit has previously explained the meaning of an unpatented mining claim:

[F]ederal law permits private parties to acquire exclusive possessory interests in federal land for mining purposes, interests which entitle claim holders to extract and sell minerals without paying royalties to the Government. Title to the underlying fee simple estate in the land remains in the United States. These possessory mineral interests are known as "unpatented" claims to distinguish them from the ownership interest of the private owner who has obtained a "patent," that is, an official document issued by the United States attesting that fee title to the land is in the private owner.

*Kunkes v. United States,* 78 F.3d 1549, 1551 (Fed.Cir.1996) (citing *United States v. Locke,* 471 U.S. 84, 86, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985)). As owners of unpatented claims, plaintiffs thus have an exclusive right to mine their claims, but they do not hold fee title to the land. Their claims remain subject to government regulation. *See Cameron v. United States,* 252 U.S. 450, 460, 40 S.Ct. 410, 64 L.Ed. 659 (1920) (explaining that the government has the power "to determine whether the [unpatented mining] claim is valid and, if it be found invalid, to declare it null and void."). Indeed, the settlement agreement specifically recognizes that the claims remain subject to the government's power to regulate.

The "Secretary of the Interior is charged with the supervision of the public business relating to ... [p]ublic lands, including mines." 43 U.S.C. § 1457 (2000). The Secretary must also "perform all executive duties appertaining to the surveying and sale of the public lands of the United States, or in anywise respecting such public lands, and, also, such as relate to private claims of land, and the issuing of patents for all grants

and *Griswold v. United States,* 61 Fed.Cl. 458 (2004). Neither of these cases, however, calls for the dismissal of a complaint which requests primarily, but not exclusively equitable relief. *First Hartford* actually reversed a Court of Federal Claims decision that dismissed a case for lack of jurisdiction, explaining that although shareholder derivative suits were originally viewed as an

equitable device, this court nevertheless had jurisdiction over such claims. 194 F.3d at 1294. *Griswold* simply applied the rule that this court may not grant solely equitable relief in the absence of the establishment of a right to recover money damages against the government. *See Griswold,* 61 Fed.Cl. at 466.

of land under the authority of the Government." 43 U.S.C. § 2 (2000). Thus, the Department of the Interior ("Interior") also must determine whether claims to public lands are proper. Until a patent issues, the government retains rights and interest in the federal lands and has the authority to regulate them. *See* 30 U.S.C. § 612(b) (2000); *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 336, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963) ("the Department [of the Interior] has been granted plenary authority over the administration of public lands, including mineral lands; and it has been given broad authority to issue regulations concerning them"). As a result, Interior has the ability to challenge the validity of a claim prior to the issuance of a patent. *See Michigan Land & Lumber Co. v. Rust*, 168 U.S. 589, 593, 18 S.Ct. 208, 42 L.Ed. 591 (1897) (stating that "the power of the department to inquire into the extent and validity of the rights claimed against the Government does not cease until the legal title has passed").

Consistent with the power to inquire into the validity of the claims, the government may initiate an administrative contest proceeding "for any cause affecting the legality or validity" of mining claims within federal ownership. 43 C.F.R. § 4.451–1. Such power includes the right to file an administrative contest proceeding if the government finds that the mining claim does not in fact contain a discovery of valuable mineral deposit or that the minerals within the claim are not locatable under the Mining law. *Cameron v. United States*, 252 U.S. 450, 461, 40 S.Ct. 410, 64 L.Ed. 659 (1920). The government may even contest an unpatented mining claim located for uncommon variety minerals that at one time were locatable for a particular purpose if there has been a loss of market, a decrease in prices paid for the material, or the development of a new material which has eliminated the "distinct and special value" needed to support the uncommon variety designation of the minerals. *Copar*

*Pumice Co. v. Bosworth*, 502 F.Supp.2d 1200, 1215–16 (D.N.M.2007).[4]

The Department of the Interior, therefore, has a responsibility to determine whether formerly locatable pumice continues to be locatable within the meaning of applicable statutes and regulations. If not, it can no longer be removed. Further, governmental approval of plaintiffs' mining plan is contingent upon plaintiffs continuing to comply with applicable laws and regulations. *See* 43 C.F.R. § 3809.101 (requiring a common variety determination prior to approval of a mining plan).

The challenged actions were therefore within the continuing obligations of Interior to regulate unpatented mining claims. Nothing in the settlement agreement exempted plaintiffs from coverage pursuant to the nation's mineral laws. Indeed, the settlement agreement makes it clear that the opposite is true. Consequently, the government retained the right to subject plaintiffs' unpatented claims to continuing scrutiny. Plaintiffs' allegation that these governmental actions violated the agreement therefore fails to state a claim.

■ Finally, plaintiffs argue that the government breached the covenant of good faith and fair dealing. They allege no additional facts unique to this claim. While there is an obligation of good faith and fair dealing implied in any contract, this requirement must be linked to a "specific, substantive obligation, mutually assented to by the parties." *Pratt v. United States*, 50 Fed.Cl. 469, 478–79 (2001). The asserted breaches of good faith here, however, are the very acts allowed by the settlement agreement. Thus, plaintiffs' claim that the government breached the implied covenant of good faith is dismissed as well.

## CONCLUSION

For the reasons set forth herein, defendant's motion to dismiss pursuant to RCFC 12(b)(6) is granted. The clerk is ordered to

---

4. We decline to adopt the government's position that the district court's decision in *Bosworth* bars plaintiffs' claims in this action. In *Bosworth*, the court affirmed the Forest Service's issuance of a NON as neither arbitrary nor capricious. In this action, however, plaintiffs charge that post-Bosworth government actions violate the 2002 settlement agreement. That issue was not addressed in *Bosworth*.

dismiss the complaint with prejudice. No costs.