Court of Claims jurisdiction; arbitration; confirmation of arbitral award. — On October 21, 1976 the court entered the following order.
Before SkeltoN, Judge, Presiding, Nichols and Kashiwa, Judges.
“This application for confirmation of an arbitral award was transferred here from the United States District Court for the District of Columbia. It is before the court on plaintiff’s motion to establish expedited procedures and defendant’s motion to dismiss and to suspend proceedings on the plaintiff’s motion.
“During 1968, petitioner obtained financing from several investors to construct low-cost housing in Senegal. The United States, through the agency for International Development (AID), guaranteed the loans and joined with petitioner in a so-called Company Agreement. After the project was discontinued, a dispute arose between petitioner and AID over their respective financial responsibilities under the Company Agreement. In February 1973, petitioner requested arbitration before the Arbitral Tribunal of the International Chamber of Commerce (ICC), and AID agreed to submit the dispute to arbitration as provided in the Company Agreement. On March 16, 1976, the Arbitral Tribunal concluded that AID had materially breached the contract of guaranty between it and petitioner, and issued a final award against the United States in the amount of $495,898.45, plus 75 percent of the costs of arbitration.
“In support of its request for a confirming order, petitioner relies on 9 U.S.C. §. 9 (1970), which provides that such an order shall be entered upon an arbitral award unless certain defects during the arbitration justify the court to modify or correct the award. The Government objects that *363 petitioner cannot rely solely-on.§ 9, but must first assert a monetary claim against the United States under 28-U.S.C.- § 1491, the Tucker Act. . . ■ .
“Thus, at the heart of the matter before us today is the character of Title 9, United States Code. This court has not yet had the occasion to consider what task is assigned to us by this statute, if any, or to decide what facet of our limited jurisdiction we might exercisé in-performing it. There is, nevertheless, consistent authority in other Federal' courts which conforms to the rule of Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 62 F. 2d 1004, 1006 (2d Cir. 1933) (L. Hand, J.), that Title 9 cannot be read by itself to confer jurisdiction upon the District Courts.
“Where the United States is the defendant, the consent to be sued must be clear and unequivocal. United States v. Testan, 424 U.S. 392 (1976). We must first identify an independent source of our. own jurisdiction in this matter before proceeding to the issues raised by the arbitration award under Title 9. Our jurisdiction will be provided by the Tucker Act, of course, so long as petitioner means to assert a claim against the United States founded on a contract, or an act of Congress. Once it clarifies its pleading to assert a money claim against the United States, petitioner can assert the arbitration award in support of its entitlement to' payment* and the court can hear the Government’s, substantive objections. But these questions are not before us now, for petitioner has not yet pleaded a claim that we can recognize under § 1491. A ‘confirmation of arbitral award’ may be -a remedy appropriate in this case and available iñ this court under Title 9, or the award may be given effect in some other way, but we reach that stage of this proceeding only after this court’s jurisdiction is properly invoked. At that time the parties can put the case before the court by cross motions.for summary judgment, if that is the-procedure'they elect. See Buies 14'(b) (2) and 101. .. ■ : '
“Accordingly, upon consideration of the pleadings, respondent’s motion. to dismiss and petitioner’s opposition thereto, and the briefs and representations of-the parties but without oral argument, it is ordered that the motion to dismiss be granted, without- prejudice and with leave- for peti *364 tioner to amend its pleadings, under Buie 89(a) (1)., Plaintiff’s motion to establish expedited procedures is suspended as defendant requests.”