# In the United States Court of Federal Claims

No. 20-64C

(Filed: January 29, 2020)

```
*****************************************
KIERA-LEIGH SCHLIHS,                     *
                                         *
                    Plaintiff,           *
                                         *
        v.                               *     Pro Se Plaintiff; Jurisdiction; Sua Sponte
                                         *     Dismissal
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
*****************************************
```

Kiera-Leigh Schlihs, Paia, HI, pro se.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

This case arises out of pro se plaintiff Kiera-Leigh Schlihs's complaint concerning a purported favorable arbitration decision with respect to an alleged breach of contract. Specifically, she seeks to confirm the arbitration award by having its results incorporated into a judicial opinion. As explained below, the court lacks subject-matter jurisdiction over Ms. Schlihs's complaint. Therefore, the court dismisses her complaint for lack of jurisdiction sua sponte.

## I. BACKGROUND

In an exhibit to her complaint, Ms. Schlihs provides a March 8, 2019 letter—entitled "Conditional Acceptance for Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering"—she sent to Bank of America and New York Mortgage Trust 1 (collectively, the "Banks"). She sent the same letter to the United States Supreme Court, the United States Department of the Treasury, the United States Department of Justice, and the Administrative Office of the Courts (collectively, "Federal Actors"). Her letter concerned a contract, which she identified as "KLS-187973518-189957621-1510855544-790245" ("Contract"). Ms. Schlihs subsequently sought to adjudicate her rights under that contract through arbitration conducted by Sitcomm Arbitration Association ("Sitcomm Arbitration"). On June 6, 2019, the arbitrator ruled in her favor against the Banks; he found that the Banks failed to fulfil their contractual obligations and ordered them to pay Ms. Schlihs $3.6 million.[1]

---

[1] The arbitrator apparently adjudicated the rights of the Banks and Ms. Schlihs with respect to one another under the purported contract without doing the same for the Federal

In her complaint, Ms. Schlihs states that she is presenting a "bill of complaint in equity" and seeking to "confirm [the] arbitration award." Compl. 1. Although she only identified the United States as the defendant in the case caption, she alleges that the Banks and Federal Actors are defendants. She spends a significant portion of her complaint (and included various documents in her exhibit) discussing some form of a trust that the government purportedly created for each person.[2] Ms. Schlihs also recites, verbatim, many of the arbitrator's findings and conclusions. Based on the arbitrator's decision, she requests that the court order the release of certain financial information, award her $3.6 million from the Banks, direct defendants to release any claims against her properties, and enjoin defendants from taking or meddling with her trust property. She avers that the court has jurisdiction to provide such relief because her complaint concerns "institution(s) registered and licensed with the United States as stipulated under contract." Id. at 2.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from her burden of proving, by a preponderance of

---

Actors. Indeed, the arbitrator acknowledged that he was construing a contractual agreement involving private parties. Although the Federal Actors were listed in the caption of the arbitrator's decision, the arbitrator did not (1) identify them in the caption as claimants or respondents (whereas the Banks were identified as respondents), (2) direct them to provide any relief, or (3) order that notice of the award be delivered to them. The arbitrator's decision, however, is not the pinnacle of clarity; at one point he refers to the Federal Actors as respondents. The tarradiddle and lack of clarity seems to be a recurring theme in Sitcomm's decisions. See U.S. Bank Nat'l Ass'n v. Nichols, No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *2-3 (N.D. Okla. Sept. 10, 2019) (noting that Sitcomm's decision was a "bizarre jumble of inconsistent, nonsensical word salad" and the award was "memorialized in 28 pages of uninformative blatherskite"); see also Brown v. Ally Fin. Inc., No. 2:18-CV-70-KS-MTP, 2019 WL 6718672, at *3 n.1 (S.D. Miss. Dec. 10, 2019) (referring to awards issued by Sitcomm as "parts of a larger fraudulent enterprise").

[2] The trust allegations draw from principles of the sovereign citizen movement. See Rivera v. United States, 105 Fed. Cl. 644, 646 (2012). Although it is difficult to discern what Ms. Schlihs is attempting to convey in the portions of the complaint and exhibit that are more heavily steeped in sovereign citizen concepts, the court can parse the crux of her allegations.

evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 (1936); Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

## B. Subject-Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject-matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015). Either party, or the court sua sponte, may challenge the court's subject-matter jurisdiction at any time. Arbaugh, 546 U.S. at 506; see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

## C. The Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2018); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 298 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## III. ANALYSIS

At its core, the complaint reflects Ms. Schlihs's attempt to confirm an arbitration award. Federal courts may entertain such lawsuits, 9 U.S.C. § 9 (2018), only when there is an independent basis for jurisdiction, Builders Int'l (Senegal) S.A. v. United States, 211 Ct. Cl. 362, 363 (1976). Here, there is no such basis. The court's jurisdiction is limited to claims against the United States, 28 U.S.C. § 1491(a)(1), and Ms. Schlihs is not challenging actions taken by the United States. Indeed, she alleges that her "matter is against institution(s) registered and licensed

with the United States," Compl. 2, and her filings reflect the same focus on purported wrongdoing by nongovernmental entities—the Banks. Moreover, the court lacks jurisdiction over claims that are not grounded in a contract with the United States or another money-mandating source of law, 28 U.S.C. § 1491(a)(1), and Ms. Schlihs fails to identify such a source of law. She references a contract, but there is no coherent allegation that the contract is with the United States. Ms. Schlihs fares no better when the court considers her allegations that the government created a trust for some unidentified minor. The court struggles to decipher the precise contours of the purported trust or its role in this litigation, but Ms. Schlihs's allegations concerning the trust are grounded in sovereign citizen ideas, see, e.g., Rivera, 105 Fed. Cl. at 646 (discussing the sovereign citizen theory that the government is holding money in trust for them), which are insufficient for jurisdiction, see United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (explaining that courts routinely reject sovereign citizen legal theories as "frivolous"); Moden v. United States, 404 F.3d 1335, 1340-41 (Fed. Cir. 2005) (explaining that the court lacks jurisdiction over frivolous claims). And Ms. Schlihs's request for equitable relief is beyond this court's jurisdiction because, as explained above, she has not identified a colorable claim for monetary damages. See Wheeler v. United States, 11 F.3d 156, 159 (Fed. Cir. 1993) ("The Court of Federal Claims lacks jurisdiction to grant such equitable relief absent a 'concurrent colorable claim for monetary recovery.'" (quoting Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992)). In short, the court lacks jurisdiction to entertain Ms. Schlihs's complaint.

## IV. CONCLUSION

For the reasons explained above, the court **DISMISSES** Ms. Schlihs's complaint without prejudice for lack of jurisdiction. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge